## ADERHOLD, Warden, v. MENEFEE.

### No. 6984.

Circuit Court of Appeals, Fifth Circuit.
Oct. 30, 1933.

Clint W. Hager, U. S. Atty., and Hal Lindsay, Asst. U. S. Atty., both of Atlanta, Ga., and Leslie C. McNemar, Atty., Office of Judge Advocate General, Navy Department, of Washington, D. C., for appellant.

Warren Cox, of Atlanta, Ga., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from an order in habeas corpus proceedings releasing and discharging from custody one Gus Menefee, who was serving a life sentence for murder, pursuant to conviction by a naval court-martial. It appears that during the World War Menefee enlisted in the Navy, and on September 22, 1918, while serving as a fireman, shot and killed another enlisted man named Gapinski who was serving as a water tender, on board the United States warship Fanning, at sea off

346

the coast of France. On October 1, 1918, a general court-martial was convened pursuant to 34 USCA § 1200, art. 38, of articles for the government of the Navy. The order that convened the court named nine officers, but only seven besides the judge advocate attended. Of these, three were retired and two were active officers of the Navy. Two were officers in the Naval Reserve, one of whom belonged to the Medical Corps. Before the trial began the accused stated that he did not object to any member of the court-martial. The court-martial as thus constituted convicted Menefee of murder and sentenced him "to be shot by musketry." The Acting Secretary of the Navy ordered the sentence to be "mitigated to confinement for the period of his natural life," and designated at first the Navy Yard at Portsmouth, N. H., and later the Atlanta Penitentiary, as the place of confinement. Appellee contends the sentence imposed upon him is void upon the grounds (1) that the court-martial had no jurisdiction over the crime because it was committed within the territorial jurisdiction of the United States; (2) that the court-martial was not constituted as required by law, because nine officers were appointed and only seven served as members; also because of the seven who served three were retired officers not shown by the record or otherwise to have been assigned to active duty, and one was a noncombatant officer of the Medical Corps; and (3) that the sentence of the court-martial was not approved by the President. The trial court held the sentence void on the third ground, and found it unnecessary to consider the others.

As we are unable to agree with the conclusion reached by the District Judge, we consider all three objections to the sentence.

■ 1. It is provided by statute: "If any person belonging to any public vessel of the United States commits the crime of murder without the territorial jurisdiction thereof, he may be tried by court-martial and punished with death." 34 USCA § 1200, art. 6. The murder here charged was committed, if at all, on a public vessel of the United States on the high seas off the coast of France. It was therefore committed beyond the territorial jurisdiction of the United States. It has been decided by the Supreme Court that a merchant ship is not a part of the territory of the country whose flag she flies. Cunard Steamship Co. v. Mellon, 262 U. S. 101, 123, 43 S. Ct. 504, 67 L. Ed. 894, 27 A. L. R. 1306. Nor in our opinion is a warship.

■ 2. The law provides that a general court-martial shall consist of not more than thirteen, nor less than five, commissioned officers as members. 34 USCA § 1200, art. 39. Appellee by his silence waived any objection he might have urged to a trial before a court-martial of seven instead of nine members. The court was legally organized if it consisted of at least five commissioned officers. Likewise objection should have been made before trial to the personnel of the court. Bishop v. United States, 197 U. S. 334, 340, 25 S. Ct. 440, 49 L. Ed. 780. Retired officers of the Navy are none the less commissioned officers. United States v. Tyler, 105 U. S. 244, 26 L. Ed. 985; Kahn v. Anderson, 255 U. S. 1, 41 S. Ct. 224, 65 L. Ed. 469. Active commissioned officers of the Naval Reserve are eligible for service on naval courts-martial. 34 USCA § 1200, art. 65. The circumstance that an active Naval Reserve officer was in the Medical Corps did not affect his eligibility.

■ 3. Article 53 of Articles for the Government of the Navy, 34 USCA § 1200, provides: "No sentence of a court-martial, extending to the loss of life * * * shall be carried into execution until confirmed by the President." Section 1200, art. 54 (a), confers upon the officer authorized to convene a general court-martial the power "to remit or mitigate, but not to commute, the sentence." And section 1200, art. 54 (b) provides: "The Secretary of the Navy may set aside the proceedings or remit or mitigate, in whole or in part, the sentence imposed by any naval court-martial." Under these articles, a sentence of death cannot be carried into effect without the approval of the President. The officer who convened the general court-martial in this case, it is to be conceded, had no power to commute the sentence; but, if the Secretary of the Navy had such power and exercised it, the President was not called upon to act in the matter. Some contention is made as to the power of the Acting Secretary of the Navy; but his power for the time being is commensurate with that of the Secretary. Revised Statutes § 177 (5 USCA § 4); Marsh v. Nichols, Shepherd & Co., 128 U. S. 605, 615, 9 S. Ct. 168, 32 L. Ed. 538; Keyser v. Hitz, 133 U. S. 138, 145, 10 S. Ct. 290, 33 L. Ed. 531; Ryan v. United States, 136 U. S. 68, 81, 10 S. Ct. 913, 34 L. Ed. 447. The Secretary of the Navy is given the power to set aside proceedings before a court-martial, or remit in whole or in part the sentence which it has imposed; but, unlike the officer who convenes the court-martial, he is not in terms denied the power to commute the sentence. In our opinion, the broad power conferred upon him to mitigate includes also the power to

commute. His power to mitigate punishment is as comprehensive as was the power of the President under the Act of April 23, 1800, 2 Stat. 51. In an able opinion by Attorney General Wirt the President is stated to have the power under that early statute to commute a sentence of death into one of service and restraint for a limited time. 1 Opp. Attorney General, 327. In that opinion it is well said that a sentence of death can be mitigated only by changing it, and that to hold otherwise would be to compel the President by pardon to free the accused altogether, or to subject him to the severest penalty of all. We conclude that the power of the Secretary of the Navy to mitigate a sentence of a court-martial includes the power to commute that sentence to life imprisonment, and that, this power having been exercised, the sentence as modified, not extending to the loss of life, was valid, and could be carried into execution without being confirmed by the President.

The learned District Judge, having reached the conclusion that the sentence of the court-martial was void because it had not been approved by the President, upon a review of the evidence stated that in his opinion appellee, even if guilty, had suffered sufficiently for his offense, and ordered him discharged in the exercise of his discretion under 28 USCA § 461, which authorizes the court to dispose of an accused "as law and justice require." We are here concerned only with the question whether or not the sentence of the court-martial was void. In our opinion, any relief which appellee can now legally obtain must come to him through executive clemency.[1]

The order appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

[1] The unexpired sentence was remitted by the President December 3, 1933.