STATE v. COX.

No. 6671. Decided April 18, 1944. (147 P. 2d 858.)

See 23 C. J. S. Criminal Law, sec. 1333. 27 Am. Jur., 634.

*R. R. Hackett,* of Ogden, for appellant.

*Grover A. Giles,* Atty. Gen., and *Arthur H. Nielsen,* Asst. Atty. Gen., for respondent.

WADE, Justice.

The defendant, Austin Cox, was convicted of murdering Judge Lewis V. Trueman, on July 23, 1943, by a jury which returned a verdict of murder in the first degree without recommendation. He was sentenced to be shot and from that judgment appeals to this court.

Before trial, defendant's counsel filed a complaint under section 105-49-2, U. C. A. 1943, charging that the defendant was then insane and therefore unable to proceed to trial. Thereupon the court appointed two alienists to examine the defendant as to his sanity and on their opinion found that the defendant was then sane. The defendant now contends that such finding was contrary to the evidence. The evidence taken at that hearing is not before this court, but counsel

argues the question from the evidence taken on the trial. Without the evidence taken on that hearing this court cannot determine whether the finding of the court was supported thereby, but from the evidence adduced at the trial there is certainly sufficient evidence to support a finding that the defendant was sane.

Defendant assigns as error the admission in evidence of the testimony of his former wife. He claims that such testimony was inadmissible under section 105-45-4, U. C. A. 1943. He does not point out just what testimony he claims was not admissible, but quotes the words of the court in making its ruling, which he claims incorrectly states the law. The former wife was sworn and had answered a number of questions when the defendant made the general objection that her testimony was "irrelevant and immaterial" and moved that it be stricken, but did not claim it was a privileged communication. The court sustained the objection and granted the motion to strike and, in so doing, made some remarks on how far the state would be allowed to go. The defendant, at that time, made no objection to the remarks of the court, nor to the following questions asked by the district attorney, but later interposed the same general objection to another question, which objection was sustained. On cross-examination defendant's counsel examined the witness extensively on her direct testimony. There was no testimony of this witness received over the objection of the defendant; for all that appears the defendant wished this testimony to be received. The statute expressly makes such testimony inadmissible only when given "without the consent of the other" spouse. Failure to object thereto constitutes an implied consent or waiver and defendant cannot now complain. *First Nat. Bank* v. *De Moulin,* 56 Cal. App. 313, 205 P. 92; *Williamson* v. *Williamson,* 183 Wash. 71, 48 P. 2d 588; 70 C. J. 380.

In the information the defendant was accused

"of the crime of murder in the first degree, a felony committed as follows, to wit: Austin Cox murdered Lewis V. Trueman."

Defendant argues that since no time when or place where the offense was committed is alleged the court did not get jurisdiction to try the case. The charging part is in the exact words provided for in sections 105-21-6 and 105-21-47, U. C. A. 1943, and it complies with the provisions of sec. 105-21-8, subdivision (1), (a), in that it charges the offense for which the defendant is being prosecuted "by using the name given to the offense by the common law" and also "by a statute." Thus it complies strictly with these statutory requirements.

Section 105-21-12, U. C. A. 1943, expressly provides that an information "need contain no allegation of the time of the commission of the offense unless such allegation is necessary to charge the offense under section 105-21-8," and the allegation "that the defendant committed the offense shall in all cases be considered an allegation that the offense was committed after it became an offense and before the finding of the information * * * and within the period of limitations * * *." It is not necessary to charge the time in order to charge murder under section 105-21-8, and under this statute this information must be construed as saying that the offense was committed after it became an offense and before the information was found and within the period of limitations. We have repeatedly held that the allegation of time is immaterial, that regardless of the time alleged, except where made certain by a bill of particulars, the state may prove the offense at any time within the statutory period of limitations. *State* v. *Greene,* 38 Utah 389, 115 P. 181; *State* v. *Distefano,* 70 Utah 586, 262 P. 113; *State* v. *Rosenberg,* 84 Utah 402, 35 P. 2d 1004; *State* v. *Hall,* 105 Utah 162, 145 P. 2d 494. If the time does not have to be proved as alleged but may be proved within any time within the period of limitations, then an allegation that the offense occurred within that period is sufficient.

Section 105-21-13, U. C. A. 1943, provides that an information "need contain no allegation of the place of the commission of the offense, unless such allegation is neces-

sary to charge the offense under section 105-21-8," and that the allegation "that the defendant committed the offense shall in all cases be considered an allegation that the offense was committed within the territorial jurisdiction of the court." It is not necessary in order to charge the offense of murder to allege the place where it was committed, so our problem is to determine the meaning of the term "within the territorial jurisdiction of the court." "Territorial jurisdiction" means the territory over which a government or subdivision of it has jurisdiction. 41 Words and Phrases, Permanent Edition, pp. 405 and 406. Thus in *Aderhold* v. *Menefee*, 5 Cir., 67 F. 2d 345, 346, it was held that a crime committed on a United States warship on the high seas was committed outside the "territorial jurisdiction of the United States." In *Bosarge* v. *State*, 23 Ala. App. 18, 121 So. 427, the "territorial jurisdiction" of Alabama was within the three-mile limit from the coast. In *Phillips* v. *Thralls*, 26 Kan. 780, the "territorial jurisdiction" of a justice of the peace court of a certain township was within that township, although the court had jurisdiction to try cases arising within the county where the township was located, and therefore a trial held outside the township was a nullity. Under that rule the "territorial jurisdiction" of the district court must be either the territory of the district or of the county where the court is located.

Our Constitution and statutes divide the state into judicial districts, each district includes a number of counties, and one or more judges preside over the courts of each district. There is no district court for all of the territory of a whole district, but there is a district court for each county of the district, and the Constitution provides that

"*  *  *  all civil and criminal business arising in any county, must be tried in such county, unless a change of venue [is] taken *  *  *." Constitution of Utah, Art. VIII, section 5, and Title 20, Chapter 3, U. C. A. 1943, is to the same effect.

The expenses of the district court are made a county charge. Section 20-7-14, U. C. A. 1943. Papers filed in the

district court must be entitled "In the District Court of (or in and for) ———County." The name of the county must be given. Sections 104-5-2, 104-7-2, 105-21-6 and 7, U. C. A. 1943. The county clerk is the ex officio clerk of the district court, and must keep the books, records and files of the court and perform many other functions. Section 19-17-1 and 2, U. C. A. 1943. The jurisdiction is determined by the county and not by the district it is in. Title 104, Chapter 4, U. C. A. 1943, Rights of the Defendant, 105-1-8, subdivision (6), U. C. A. 1943, Local Jurisdiction of Public Offenses, Title 105, Chapter 8, U. C. A. 1943. See also 105-17-1, 105-19-1, 105-27-1, 105-32-20, 21, 22 and 23. Thus it is evident that there is no district court which covers the whole district but only a district court for each county, and its territorial jurisdiction is within the boundaries of the county. Therefore, the allegation in the information in the instant case must be considered an allegation that the offense was committed in Weber County.

Defendant's contention that it was error for the court to refuse to give his proposed instruction No. 3, on insanity, is not well taken. The proposed instruction while probably correct as far as it goes does not cover the whole field of insanity. The court refused to give it because the thought therein contained was fully covered by instruction No. 12, as given by the court. That instruction not only covered the ground contained in the proposed instruction but adds other grounds not contained therein, on which the jury might acquit the defendant and was thus more favorable to him than the instruction which the court rejected.

We find no error in the record and the judgment of the court is therefore affirmed.

WOLFE, C. J., LARSON and McDONOUGH, JJ., and WILL L. HOYT, District Judge, concur.

MOFFAT, J., deceased.