368 P.2d 914

STATE of Utah, Plaintiff and Respondent,

v.

David FARNSWORTH, Defendant and Appellant.

No. 9546.

Supreme Court of Utah.

Feb. 27, 1962.

Mitsunaga & Ross, Galen J. Ross and Kenneth H. Hisatake, Salt Lake City, for appellant.

Walter L. Budge, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., for respondent.

CALLISTER, Justice.

Defendant appeals from a conviction of burglary in the second degree. As error, he alleges: (1) that he was denied a fair trial because of the incompetency of trial

counsel, (2) failure of proof that the crime was committed in the nighttime, and (3) that absence of counsel at the sentencing was a denial of his constitutional rights.

With respect to the first alleged error, defendant argues that his trial counsel was incompetent and did not effectively represent him, thus depriving him of the right to counsel guaranteed by the State and Federal Constitutions. Const. art. 1, § 12; U.S. Const. Amend. 14. To support such a contention, he cites the facts that trial counsel waived preliminary hearing, waived a jury, made no opening statement, failed to make objections to introduction of evidence, did not cross-examine but one of the State's witnesses, etc. The privilege of an accused to the assistance of counsel is a fundamental right which means a right to a reputable member of the bar who is willing and in a position to honestly and conscientiously represent his interests.[1]

In the instant case, the defendant selected and retained the trial counsel who is a member of long standing of the bar, experienced in trial work, both civil and criminal, and esteemed by the bar and judiciary alike for his ability and integrity. The serious charges in respect to this attorney's competency should not be lightly treated. Suffice it to say, we have examined the record closely and cannot say, upon retrospect, that trial counsel did not, under the circumstances of the case against the defendant, fairly and competently represent him. The record indicates no action or inaction by the trial attorney which could not rationally find explanation in a legitimate exercise of strategy—particularly when the case was tried before a judge without a jury.

As to defendant's second alleged error, that it was not proven that the burglary was committed in the nighttime, the record reveals that the burglarized store was locked on the "evening" of December 6th and unlocked at about 10:00 a. m. the following morning. The defendant's companion, a witness for the State, testified that "shortly after midnight" they went to the store and burglarized it, and thereafter "transferred the stuff from the back seat to the trunk of the car. Then we stayed in the car and slept until that morning." The foregoing evidence is such that the trier of the facts could conclude, beyond a reasonable doubt, that the crime was committed in the nighttime, which is between sunset and sunrise.[2]

The third assignment of error relates to the absence of counsel at the time of the imposition of sentence. At the close of the trial on June 16, 1961, the trial judge found the defendant guilty and set June

1. State v. Hines, 6 Utah 2d 126, 307 P. 2d 887.

2. 76-9-7, U.C.A.1953.

26th as the day for sentencing. The defendant secured other counsel, and the matter was continued until July 3rd. On this day, the newly retained counsel appeared with the defendant and urged probation to the court. The judge had discussed the case with a probation officer and had before him a pre-sentence report. He indicated that he could not place the defendant upon probation, but continued the matter to July 10th at 2:00 p. m. to determine, at the request of defendant's counsel, if a relative of the defendant, who was a probation officer, could supply any information to the judge which would change his mind. The sentencing convened on July 10th at 10:00 a. m. instead of 2:00 p. m. Defendant's counsel was not present. The court told the defendant that the latter's relative had been contacted and had supplied no information or reason to justify probation. Thereupon, the court rendered sentence.

Defendant's contention that absence of counsel at this stage of the proceeding was a denial of due process and the United States and Utah Constitutions is without merit. The court had found the defendant guilty and had then determined that he did not consider the defendant eligible for probation. With due regard of the defendant's freedom, he continued the sentencing to receive additional information. This additional information did not affect his prior determination. Under these circumstances it is not possible to conceive, and

present counsel does not point out, in what manner the defendant was harmed by lack of counsel at the sentencing. In this state we have indeterminate sentences which do not permit the sentencing judge any discretion to lower or raise the sentence.

Affirmed.

WADE, C. J., and HENRIOD and McDONOUGH, JJ., concur.

CROCKETT, J., concurs in the result.