412 P.2d 312

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Jack LEDBETTER and Donald Wilkerson, Defendants and Appellants.**

**No. 10443.**

Supreme Court of Utah.

March 25, 1966.

---

2. National Finance Co. of Provo v. Daley, 14 Utah 2d 263, 382 P.2d 405, and cases cited therein.

———◇———

Donlad Wilkerson, pro se, Jack Ledbetter, Jimi Mitsunaga, Public Defender, for appellant.

Phil L. Hansen, Atty. Gen., for respondent.

HENRIOD, Chief Justice.

Appeal by Ledbetter and Wilkerson, codefendants, from a conviction for third degree burglary in a trial before the Court without a jury, each defendant appealing on different grounds. The trial court is affirmed as to each.

Wilkerson urges that 1) his counsel at the trial was incompetent, 2) that the evidence was insufficient to establish his guilt beyond a reasonable doubt, 3) that there was frustration because the trial court was a liar, and 4) that counsel appointed for him on appeal was incompetent. The record does not justify any of his acrid accusations, and without detailing the facts, which would be useless, we reject each and all of his points on appeal.[1]

Ledbetter urges that the evidence was insufficient to convict. He bases it on the State's failure to show that he was in possession of recently stolen property.

Everyone concedes that a burglary had been committed. The facts abstracted and stated in a light favorable to the trial court's conclusion, fairly may be recited thus:

There was a burglary. Narcotics taken positively were identified. Some of the loot was recovered from the apartment of Wilkerson's sister, who was going around with Ledbetter. Thereafter police staked out her apartment and observed Ledbetter and her leave in a car. They followed it. They stopped the car. Ledbetter, the driver, took off at a high speed only to collide with a police car. Examination of the car Ledbetter was driving produced a bowling ball bag containing the contraband. All this happened 39 days after the admitted burglary.

1. State v. Farnsworth, 13 Utah 2d 103, 365 P.2d 914 (1962).

Defendant Ledbetter says this is too late to say the stolen property was stolen recently. Also, he says you can't say I had possession of the stolen property.

Trouble is, he was driving the car in which the stolen property was found. This was not long after some of the stolen property was taken from the apartment of his codefendant's sister,—his girl friend. This incident could have resulted in someone's death and a homicide charge, which could impress this Court that the trial court easily could have concluded that defendant had not explained his possession of stolen property found in a car he was driving over which he had complete control, including possession of everything therein,—unless proven otherwise,—by him,—which he never did do.

Other evidence indicated a pattern of footprints showing two people departed from the burglarized establishment, a two-way incriminating interstate conversation between Ledbetter and Wilkerson, a confession of guilt by the latter, and other matters, that impresses us that Ledbetter's appeal, based on a 39-day period between theft and discovery is hypertechnical, to which argument the trial court did not succumb.

McDONOUGH, CROCKETT, WADE, and CALISTER, Jr., JJ., concur.