480 P.2d 134

**Dee LARRABEE, Plaintiff and Appellant,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

**No. 12100.**

Supreme Court of Utah.

Jan. 28, 1971.

Harold H. Hart, of Richards & Watkins, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Frank V. Nelson, Asst. Attys. Gen., Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff, Dee Larrabee, appeals from a judgment of the district court in a habeas corpus proceeding denying his release from the Utah State Prison, where he is confined under sentence of one to 20 years for second-degree burglary. The contention raised in the petition and dealt with in the district court, and on this appeal, relates to his lack of counsel.

On September 25, 1968, plaintiff appeared in district court for arraignment on two counts of second-degree burglary. His averment is that he stated that "he wished an attorney"; and that the judge did not appoint counsel but said he would do so

"in a week or two." Upon being returned to the County Jail, he had a conversation with the sheriff. He claims the sheriff told him that "if I did not plead guilty, he'd get me as an accessory" in another crime. Thereupon the defendant indicated his desire to be taken back to court and plead guilty, which was done. It is upon the basis of these contentions that 17 months later, on March 3, 1970, the complaint was filed initiating this proceeding.

This being a habeas corpus proceeding there are some basic propositions of law to be kept in mind as a foundation to this review. It is a belated and collateral attack upon a judgment. Before conviction, an accused is entitled to the presumption of innocence and numerous protections afforded by law.[1] After conviction, the presumptions change. They are then in favor of the regularity of the proceedings and the judgment; and the burden of showing to the contrary is upon the plaintiff who is attempting to upset it.[2]

On this appeal plaintiff proceeds as quite oblivious to those propositions, and under the further erroneous assumption that the trial court was obliged to believe and make findings in accordance with his testimony, including his own mental processes as to the reasons for entering his plea of guilty. He ignores the fact that it is the prerogative of the trial judge to refuse to believe testimony which has anything inherently discrediting in it, including the self-interest of the witness.[3] In addition to the fact that the trial court could regard plaintiff's version as to what occurred as being strongly imbued with his own self-interest, and was therefore not compelled to believe it, there is evidence that at the time of the original proceeding the plaintiff was carefully advised by the court as to his rights, including his right to counsel; and that he voluntarily and knowingly waived such rights and entered his plea of guilty.

Upon the basis of this record the trial court was amply justified in finding that the plaintiff's rights were adequately safeguarded and that he is confined under a valid judgment and sentence.

Affirmed. No costs awarded.

CALLISTER, C. J., and TUCKETT, HENRIOD, and ELLETT, JJ., concur.

1. See Sec. 12, Art. I, Utah Const.; Secs. 77–1–8 to 10, U.C.A.1953, and statement in Gallegos v. Turner, 17 Utah 2d 273, 409 P.2d 386.

2. See Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

3. Nichol v. Wall, 122 Utah 589, 253 P. 2d 355, Heidtman v. Nevada Indust. Comm., 78 Nev. 25, 368 P.2d 763; and see 8 A.L.R. 814 and authorities there cited.