483 P.2d 887

The STATE of Utah, Plaintiff and Respondent,

v.

Charles Henry EICHLER, Defendant and Appellant.

No. 12106.

Supreme Court of Utah.

April 9, 1971.

Ellett, J., filed a dissenting opinion, and Henriod, J., did not participate.

Stephen G. Boyden, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Harry E. McCoy, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

CROCKETT, Justice:

Defendant appeals from an order of the District Court of the First District, Cache County, which revoked probation that had been granted him on separate sentences for forgery and second-degree burglary. The ground upon which he seeks to annul the order is that he had not been given an attorney at the hearing concerning revocation of his probation.

On April 16, 1969, upon his plea of guilty, the defendant had been sentenced in the above mentioned court, in Cache County, to the statutory penalty of one to twenty years in the Utah State Prison for the offense of forgery. The following month, on May 27, 1969, the same First District Court, acting in Box Elder County, consequent to defendant's plea of guilty, sentenced him to the statutory term of one to twenty years for the crime of second-degree burglary. The District Judge (Hon. Lewis Jones) granted stays of execution on both of these sentences. In connection therewith he ordered that the defendant serve six months in the Box Elder County jail;[1] and that upon his release he be placed on probation for a period of two years.

After serving the six months in the Box Elder County jail the defendant was released on probation. Thereafter, on March 16, 1970 upon the basis of an affidavit of the probation officer, John Holmes, charging violations of his probation, the defendant appeared before the District Court in

1. That where the court deems such procedure desirable it is permissible to impose such condition see Thomas v. United States, 327 F.2d 795 (10th Cir. 1964), cert. denied, 377 U.S. 1000, 84 S.Ct. 1936, 12 L.Ed.2d 1051.

Cache County (Hon. Venoy Christoffersen, successor to Judge Jones). He made a request that a lawyer be appointed to represent him, which request was not granted. He was found to be in violation and ordered committed to the Utah State Prison to serve the sentences theretofore imposed, to run concurrently.

■ In regard to probation and its revocation we make these observations. After the defendant has been convicted of an offense and sentenced, even though he is placed on probation, he is not entitled to all of the protections the law affords one accused of crime in the first instance.[2] If it were necessary to go through the full-dress procedure of apprehending and convicting him of a new crime, he might as well be sentenced and committed on the new conviction as upon a revocation of probation. In such circumstances the use and effectiveness of probation would be greatly minimized if not lost altogether, one aspect of which would be the reluctance of judges to employ it. It is our judgment that the law should avoid so burdening the probation procedure as to tend to impair or destroy the system with the various beneficial effects it has had in penology.[3]

■ Nevertheless, we have previously recognized that both fairness and the effective use of probation demand that a defendant who is placed on probation should have the assurance that if he keeps the conditions of his probation it will continue, as contrasted with having to live in dread of revocation merely on someone's whim or caprice. It is for this reason that this court has indicated that certain basic procedural requirements should be complied with.[4] This of course includes a notice as to wherein the subject is accused of failing the conditions of his probation, and in case of dispute, he should be entitled to a hearing before the court.[5]

■ We believe that the question as to furnishing the defendant counsel could well be left to the discretion of the trial judge, with his action subject to review for abuse of discretion. This would in many

2. See Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; and see statement in our recently decided case of Larrabee v. Turner, 25 Utah 2d 248, 480 P.2d 134, 135.

3. That it need not involve formality of trial see Christiansen v. Harris, 109 Utah 1, 163 P.2d 314; State v. Farnsworth, 13 Utah 2d 103, 368 P.2d 914; as to benefits of probation, see B. Lynch, Pardon, Parole, and Probation in the State of Utah, Research Mono. #7, Inst. of Gov., University of Utah.

4. See State v. Zolantakis, 70 Utah 296, 259 P. 1044; Baine v. Beckstead, 10 Utah 2d 4, 347 P.2d 554; and see generally 7 Utah Law Rev. 125 (Spring 1960) for extensive discussion and analysis of Utah cases dealing with hearing requirements in recommitment of probationers, and see authorities therein cited.

5. Ibid.

instances eliminate much unnecessary time, trouble and expense. However, in view of recent adjudications upon the subject,[6] we now affirm that the right to have counsel, when the defendant indicates he so desires, should be included in such a hearing. It is in accordance with the assurance of the Utah State Constitution[7] that an accused be provided with the assistance of counsel at every important stage of the proceedings against him. Inasmuch as such a hearing involves the possibility of changing the defendant's status from one of being at liberty to one of being in confinement, it does no particular violence to one's sense of justice that it be regarded "as an important stage of the proceeding against him" at which he should have the assistance of counsel if he so desires.

The defendant also assails the proceeding as improper on the ground that the First District Court, acting in and for Cache County, had no jurisdiction to revoke the probation granted in the defendant's case in the District Court of Box Elder County.[8] With that contention the State agrees, stating in its brief that:

"Eichler's [defendant's] probation revocation in Cache County and Box Elder County should be vacated and the appellant returned to the District Court for further proceedings in both counties."

It is so ordered. No costs awarded.

CALLISTER, C. J., and TUCKETT, J., concur.

ELLETT, Justice (dissenting).

I dissent. The case of Beal v. Turner[1] is dispositive of the present matter insofar as the need for counsel is concerned.

Alvarez v. Turner cited as authority for reversing the instant matter is not binding upon this court. That case relied upon Mempa v. Rhay and erroneously assumed that a lawyer was required in parole revocation hearings.

In the instant matter the court granted probation after sentence was pronounced. The release of the defendant was a matter of grace on the part of the trial judge and not a matter of right on behalf of the defendant. All *rights* to be free were termi-

---

6. That under the recent adjudications, the right of counsel should be so assured, see Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); Alvarez v. Turner, 422 F.2d 214 (10th Cir. 1970); and Cf. Beal v. Turner, 22 Utah 2d 418, 454 P.2d 624 (1969).

7. Sec. 12, Art. I, Utah Constitution.

8. Citing State v. Cox, 106 Utah 253, 147 P.2d 858, which states that: "The jur-

isdiction is determined by the county and not by the district * * *. There is no district court which covers the whole district but only a district court for each county, and its * * * jurisdiction is within * * * the county."

1. 22 Utah 2d 418, 454 P.2d 624 (1969).

nated upon conviction of the defendant, and he was then subject to immediate incarceration. If the court wishes to give him an opportunity to prove himself worthy of freedom from incarceration, it should not for that reason alone lose any power to incarcerate him after the defendant betrays the confidence of the court.

There is no jurisdictional requirement that probation be revoked in the county where a defendant was originally tried. If it is necessary for the judge to be in any particular place when he decides that a defendant had deceived him and should be incarcerated, it would make more sense to require him to be in the county where the betrayal took place.

There is no constitutional requirement that a criminal be furnished with an attorney. All that is required is that he have a right to have counsel. See Dyett v. Turner, 20 Utah 2d 403, 439 P.2d 266 (1968).

I think it is time for state courts to assert themselves. We should interpret the law in the light of reason and common sense and let other courts turn prisoners loose on flimsy grounds to prey upon society if they care to do so, but we need not subscribe to such procedures.

I would affirm the judgment of the district court.

HENRIOD, J., does not participate herein.