The STATE of Utah, Plaintiff and Respondent,

v.

Lewis A. BANKS, Jr., Defendant and Appellant.

No. 13996.

Supreme Court of Utah.

Oct. 2, 1975.

Jack W. Kunkler, Salt Lake Legal Defender Assn., Salt Lake City for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City for plaintiff and respondent.

PER CURIAM:

Lewis A. Banks, Jr., seeks reversal of his conviction by a jury of aggravated assault, a felony of the third degree,[1] for firing a pistol at Mr. William Hawkes, resident manager of the Forest Hills Apartment Complex at about 3700 South Highland Drive in Salt Lake County. At trial defendant had what impresses us as competent and adequate representation by counsel, Jack W. Kunkler. On appeal, at the insistence of the defendant, the attorney filed what is now commonly referred to as an "Anders Brief,"[2] indicating that he found no meritorious ground for an appeal. Nevertheless, defendant persists therein, arguing that his counsel did not give him proper representation because he did not object to the introduction of a pistol in evidence.

The crime arose out of an altercation at the said apartment complex about midnight of November 5, 1974. After the trouble occurred, the manager, Mr. Hawkes, told the defendant to leave the premises. The latter complied, but as he was leaving in a car with his companions, he pointed a pistol at Mr. Hawkes, and fired some shots (four to six).

At trial the state offered a pistol as an exhibit and requested Mr. Hawkes to examine it. He noted its unusual barrel length and distinctive markings, and testified that it appeared similar to the gun brandished by the defendant. Deputy Sheriff Harvey Van Katwyck testified that he had arrested the appellant pursuant to a warrant on November 26, 1974; that the defendant was in his shorts and that the pistol was found in the adjoining bedroom where the defendant's clothes were at the time of his arrest.

Officer Van Katwyck also matched shell casings found at the scene of the shooting with those in the pistol when it was taken from Mr. Banks. It was on this showing the pistol was received in evidence without objection from defense counsel. This is the essence of the defendant's claim, that he was denied the effective assistance of competent counsel at the trial, which right is undoubted.[3] But we unreservedly assert that his claim is entirely without foundation.

Even if the pistol in question were not the exact one used in the crime (though it seems in all likelihood that it was), it was sufficiently similar to serve for illustrative purposes. It was seized in close proximity to where the defendant was arrested, in which circumstances the officers had a right to take it for their own protection.[4]

Affirmed. No costs awarded.

---

1. A person commits aggravated assault when by a show of force or violence, he intentionally or knowingly causes another reasonably to fear imminent serious bodily injury, (Sec. 76–5–102(1)(c)) and "he uses a deadly weapon," (Sec. 76–5–103(1)(b)) ; Sec. 76–5–103 (2) provides that aggravated assault is a felony of the third degree.

2. Counsel requested permission to withdraw from the appeal and submitted the brief in compliance with the apparent authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We doubt the soundness and propriety of insisting that a defendant is entitled to what counsel in good faith believes to be an entirely meritless appeal, or that an attorney should be obliged to pursue one.

3. See *Kryger v. Turner*, 25 Utah 2d 214, 479 P.2d 477 (1971) ; *Alires v. Turner*, 22 Utah 2d 118, 449 P.2d 241 (1969) ; *State v. Farnsworth*, 13 Utah 2d 103, 368 P.2d 914 (1962) ; See generally 21 Am.Jur.2d, Criminal Law Secs. 315, 319 ; 74 A.L.R.2d 1399 ; Bazelon, the Defective Assistance of Counsel, 42 Cincinnati L.Rev. 1 (1973).

4. See *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).