# Authority of the Comptroller General to Appoint an Acting Comptroller General

The Comptroller General is authorized to designate an employee of the General Accounting Office to act as Comptroller General in his absence, even if the Office of Deputy Comptroller General is vacant.

Acting heads of agencies have powers that are commensurate with those of agency heads who have been confirmed by the Senate.

June 13, 1980

## MEMORANDUM OPINION FOR THE GENERAL COUNSEL, DEPARTMENT OF THE TREASURY

This responds to your inquiry whether the Comptroller General may designate an employee of the General Accounting Office (GAO) to act as Comptroller General during his absence.[1] In particular, you have asked whether a GAO employee may be designated to serve as Comptroller General for purposes of action taken by the Chrysler Corporation Loan Guarantee Board, of which the Comptroller General is a member.

The core issue here is whether the Comptroller General may designate an employee of the General Accounting Office to act as Comptroller General pursuant to 31 U.S.C. § 43a, which provides:

> The Comptroller General shall designate an employee of the General Accounting Office to act as Comptroller General *during the absence or incapacity of the Comptroller General and the Deputy Comptroller General, or during a vacancy in both of such offices.* (Emphasis added.)

It might be argued that the italicized language signals Congress' intent only to authorize the designation of an Acting Comptroller General in two situations: when both the Comptroller General and Deputy Comptroller General are absent or incapacitated, or when both offices are vacant. On this reading, the provision would not cover the present case, in which the Comptroller General is absent and the office of Deputy Comptroller General is vacant.

---

[1] You have made this inquiry in your capacity as General Counsel to the Chrysler Corporation Loan Guarantee Board, established pursuant to Pub. L. No. 96–185, § 3, 93 Stat. 1324, 15 U.S.C. §§ 1861 *et seq.*

However, such a narrow interpretation ignores the well-established principle of statutory construction that literal interpretations of statutes are not to be favored at the expense of the statute's evident purpose and history. *See, e.g., Train* v. *Colorado Public Interest Research Group, Inc.,* 426 U.S. 1, 9–10 (1976); *United States* v. *Public Utilities Commission,* 345 U.S. 295, 315 (1953); *Church of the Holy Trinity* v. *United States,* 143 U.S. 457, 459 (1892). The evident aim of 31 U.S.C. § 43a is to provide a mechanism whereby an Acting Comptroller General may be designated when the Comptroller General and Deputy Comptroller General are unavailable to perform the Comptroller General's duties. This purpose is not served by distinguishing between situations in which the Comptroller General and Deputy Comptroller General are both either absent or incapacitated or in which both offices are vacant, on the one hand, and situations in which one of the officers is absent or incapacitated and the other office is vacant, on the other hand.

Furthermore, the legislative history confirms that Congress did not intend to so limit the provision's application. The provision—enacted as part of the Independent Offices Appropriation Act of 1945, June 27, 1944, ch. 286, Title I, 58 Stat. 371—was introduced as a floor amendment at the urging of the Comptroller General. *See* 90 Cong. Rec. 3069–70 (1944). The clearest statement of its purpose appears in the Comptroller General's letter proposing it, which states in pertinent part:

> The need for legislation of the character here proposed is apparent in the recent history of the General Accounting Office. During the period from July 1, 1936, to April 10, 1939, and for a considerable period in 1940, the office of Comptroller General was vacant. The then Assistant Comptroller General [now the Deputy Comptroller General [2]] acted as Comptroller General, pursuant to law, but there was no other officer specifically authorized by law so to act *in the event of his absence or incapacity or in the event he had resigned or retired or his term had ended. . . .* (Emphasis added.)[3]

The provision thus was designed specifically to cover a situation in which the office of the Comptroller General was vacant and it was feared that the Assistant (now Deputy) Comptroller General might become absent or incapacitated *or* that he might resign or retire. It was plainly not intended to be confined to situations in which both officers were either incapacitated or absent, or in which both offices were vacant.[4]

---

[2] The Assistant Comptroller General was designated Deputy Comptroller General pursuant to Pub. L. No. 92-51, 85 Stat. 125, 143 (1971).

[3] 90 Cong. Rec. 3070 (1944).

[4] *See also* 90 Cong. Rec. 5171 (1944).

We therefore conclude that 31 U.S.C. § 43a authorizes the Comptroller General, in present circumstances, to designate an employee of the GAO to act as Comptroller General during his absence. It is established that acting heads of agencies have powers that are commensurate with those of agency heads who have been confirmed by the Senate. *See, e.g., Ryan* v. *United States,* 136 U.S. 68, 81 (1890); *Marsh* v. *Nichols, Shepard & Co.,* 128 U.S. 605, 615 (1888); *Shafer* v. *United States,* 229 F.2d 124, 129 (4th Cir. 1956); *Anderson* v. *P. W. Madsen Investment Co.,* 72 F.2d 768, 770–71 (10th Cir. 1934); *Aderhold* v. *Menefee,* 67 F.2d 345, 346 (5th Cir. 1933); *cf. Keyser* v. *Hitz,* 133 U.S. 138, 145–46 (1890). There is no indication in the language of the Chrysler Corporation Loan Guarantee Act of 1979, Pub. L. No. 96–185, 93 Stat. 1324, 15 U.S.C. § 1861 *et seq.* (1980), that Congress intended to create an exception to this fundamental precept in the context of the Chrysler Corporation Loan Guarantee Board.[5] Accordingly, we believe that the Acting Comptroller General is legally authorized to serve as Comptroller General in the context of actions taken by that Board during the Comptroller General's absence.[6]

LARRY A. HAMMOND
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[5] Section 3 of the Act establishes the Chrysler Corporation Loan Guarantee Board, "which shall consist of the Secretary of the Treasury who shall be the Chairperson of the Board, the Chairman of the Board of Governors of the Federal Reserve System, and the Comptroller General of the United States." 15 U.S.C. § 1862. This provision contains no limiting language indicating, for instance, that the Comptroller General or other Board members must personally appear at Board meetings. No other section of the Act would appear to impose any such requirement.

Nor are we aware of any such indication in the legislative history. The provision establishing a three-member Chrysler Corporation Loan Guarantee Board originated in the Senate bill, S. 2094, and its purpose is thus described in the Report of the Senate Committee on Banking, Housing, and Urban Affairs, 96th Cong., 1st Sess. 17 (1979):

The Administration bill would have had the Secretary of the Treasury be the sole administrator of the loan guarantees for Chrysler. The Committee believes that a three-person board offers more balance and that the addition of two members who are independent of the Executive, the Federal Reserve Board Chairman and the Comptroller General, will enable the Board to make tough decisions on the merits of the issues without undue pressure from political considerations.

The aim of providing for a three-person Board in order to establish balance and independence would not be undercut by the participation, pursuant to lawful designation, of an Acting Comptroller General rather than the Comptroller General during the latter's absence. *See also* H.R. Rep. No. 96–730, 96th Cong., 1st Sess. 17 (1979) (confirming that the conference adopted the Senate provision regarding membership of the board).

[6] We have confirmed that our conclusion is consistent with the practice and views of the General Accounting Office.