## STATE v. GATES

No. 7421. Decided June 27, 1950. (220 P. 2d 115).

See 24 C. J. S., Criminal Law, sec. 1889.

*Harold N. Wilkenson,* Salt Lake City, for appellant.

*Clinton D. Vernon,* Attorney General, *Brigham E. Roberts,* Salt Lake City, *Bryce E. Roe,* Salt Lake City, for respondent.

PRATT, Chief Justice.

The appellant was charged with the offense of carnal knowledge and unlawfully knowing a female over the age of 13 years and under the age of 18 years. He complains about certain amendments in the complaint that was filed before the committing magistrate—a city judge in this case.

The complaint shows on its face these amendments: " * * * on/or about (8th) 16th day of July A. D. 1949. * * * "

The "or about" and the diagonal line are in typewriting; the "8th" is scratched out with ink, and the "16th" inserted in longhand with ink. The complaint was sworn to by one Elizabeth Mills. The transcript of the record before the committing magistrate shows this entry: "Court ordered complaint amended by interlineation." It also shows that Elizabeth Mills was sworn and testified before the magistrate at the preliminary hearing.

The evidence in the case shows a commission of such an offense the night of July 15th. Defendant was represented by counsel throughout the proceeding to and including conviction in the District Court. The record is silent as to any objection by him as to this alleged error, until the present appeal, where he is represented by

a counsel who did not participate in the preliminary hearing and the trial below. See Section 105—16—2 U. C. A. 1943 and Annotations. The record does not show when the amendments were made nor upon what they were founded; but, absent some showing to the contrary, this court must presume that amendments were regularly made. In fact, as Elizabeth Mills—apparently the signer of the complaint —was sworn and testified at the preliminary hearing, it is not unlikely that the amendments were made to conform to her testimony. She testified under oath. The amendments conform to the facts to which she testified at the trial. It is not hard to believe that the complaint was amended to conform to similar testimony by her at the preliminary hearing. Thus it can be very reasonably assumed that the amendments were made according to her oath at the preliminary hearing.

Appellant complains that the complaint was amended without court authority. We see no merit to this contention. The fact that the amendment included several words written partly in typing and partly in longhand indicates nothing that would overcome the presumption of regularity in conformity with the minute entry. We have set out above the probable way the amendments occurred.

Appellant complains that it charged a different crime. A different crime, we assume, from one committed on the 8th, if one were committed on that day, but it does not appear that appellant was, in any way, led to believe he was being tried for an offense on the 8th. For aught that appears in the record, he was given a preliminary hearing upon a crime alleged to have been committed on or about the 16th and it is obvious, from that record that he was, without any objection from him, tried for the offense at that time. He has made no contention otherwise. This is not a case of charging an offense on the 8th and convicting of an offense committed on the 16th—the prin-

ciple covered by the case of *State v. Nelson*, 52 Utah 617, 176 P. 860.

Appellant's last point to the effect that the complaint should be reverified after amendment, is covered by our statement above. The complaining witness was sworn and testified at the preliminary hearing and presumably the complaint was amended there to conform to that sworn testimony.

In closing, we wish to say that we do not believe the date of the alleged offense is material in this case. *State v. Sheffield*, 45 Utah 426, 146 P. 306, Section 105—11—1, U. C. A. 1943, 105—21—12 U. C. A. 1943, and *State v. Cox*, 106 Utah 253, 147 P. 2d 858.

Judgment of the lower court is affirmed.

WADE and McDONOUGH, JJ., concur.

WOLFE, Justice.

I concur in the result. I think it sufficient to rest my concurrence on the ground that the defendant by not objecting to the amendment made to the complaint before entering his plea to the information is by statute conclusively presumed to have waived any irregularity or defect in amending the complaint. Section 105—16—2, Utah Code Annotated 1943, provides:

"No defect or irregularity in or want or absence of any proceeding or statutory requirement, prior to the filing of an information or indictment, including the preliminary hearing, shall constitute prejudicial error and the defendant shall be conclusively presumed to have waived any such defect, irrigularity, want or absence of proceeding or statutory requirement, unless he shall before pleading to the information or indictment specifically and expressly object to the information or indictment on such ground. Whenever the consent of the state to any waiver by the defendant is required, such consent shall be conclusively presumed, unless the state before or at the time the defendant pleads to the information or indictment expressly objects to such waiver."

Furthermore, conceding that the complaint charged the crime to have been committed on the 8th day of July, 1949,

but the defendant was convicted under an information charging the crime to have been committed on the 16th day of July, 1949, the defendant waived his right to a preliminary hearing on the offense charged in the information by not moving to quash the information. Sec. 105—23—10, U. C. A. 1943. Having made no objection to the amendment made to the complaint at the preliminary hearing nor at the arraignment, the defendant cannot now be heard to say that the proper procedure was not followed in making the amendment to the complaint. Moreover, the record not showing the circumstances under which the amendment to the complaint was made, the presumption is that it was regularly and properly made.

LATIMER, Justice.

I concur.

By statute courts of this state are permitted to allow amendments to pleadings in criminal actions to conform to the evidence. There is no showing the amendment was not made for that purpose.