**UNITED STATES of America, Appellee,**

v.

**John G. DUDLEY, Appellant.**

**No. 93, Docket 25179.**

United States Court of Appeals Second Circuit.

Argued Oct. 14, 1958.

Decided Nov. 5, 1958.

See, also, 154 F.Supp. 623.

Barry H. Garfinkel and Maurice N. Nessen, New York City, for appellant.

Earl J. McHugh, New York City, Arthur H. Christy, U. S. Atty., New York City, George I. Gordon, Asst. U. S. Attys., New York City, of counsel, for appellee.

Before HAND, HINCKS and WATERMAN, Circuit Judges.

PER CURIAM.

The defendant appeals from a judgment of Judge Weinfeld, sitting without a jury, convicting him of unlawfully receiving and selling 398 grains of heroin (21 U.S.C.A. §§ 173, 174). Two questions are raised on this appeal: (1) that the evidence as "a matter of law" was not convincing beyond a reasonable doubt; and (2) that one of judge Weinfeld's two findings is inconsistent with the other. The evidence was the testimony of two witnesses, Latta and Lubert, government agents. Latta swore that he went with a woman to an apartment in Manhattan where the woman introduced him to the accused. After some talk they agreed upon the price of an ounce of heroin, and Latta gave the accused $150. The accused went into the hall; he came back in a few minutes, saying that he could not "reach his man," and later made three or four telephone calls; and finally came back and said

that he was going out to get the heroin. He left the apartment, came back about midnight, and Latta in court identified him as the person who handed Latta some white powder that proved to be heroin. Latta said that the accused was dressed in "sports clothes, slacks and a jacket and a hat." The other witness, Lubert, met Latta with a woman close by the building into which Latta went. He stood outside, and after about two hours the accused came out, hailed a taxicab and went to a theatre on 118th Street and Seventh Avenue. About three-quarters of an hour later he came out, took another cab, went to a bar, came out, took a third cab and drove back to the apartment whence he came out originally. Later Latta came out and gave Lubert the heroin. Lubert described the dress of the accused as "a rust colored Eisenhower or suede jacket, one of those short jackets." Upon this testimony Judge Weinfeld found that the man who sold the heroin to Latta was the defendant, relying upon the testimony of Latta "as corroborated by the other agent."

■ We reaffirm what we held in United States v. Costello, 2 Cir., 1955, 221 F. 2d 668, 671, and had indeed often said before; that "in all criminal prosecutions, the prosecution makes out a sufficient case to go to the jury, if the evidence would have been enough in a civil action; the only difference between the two is that in the end the evidence must satisfy the jury beyond any reasonable doubt." See also United States v. Gonzales Castro, 2 Cir., 1956, 228 F.2d 807. This doctrine is certainly as applicable to cases tried to a judge upon waiver of a jury; for the waiver substitutes the judge for the jury in all respects. The accused must therefore be content with such protection as is afforded by the requirement that the finding presupposes the judge's conclusion that the accused is guilty beyond any reasonable doubt.

■ The appellant further argues that the two findings made by Judge Weinfeld in compliance with Fed.Rules Criminal Procedure, Rule 23(c), 18 U.S. C.A., were inconsistent, because Lubert's testimony did not corroborate Latta's, as the judge declared, but conflicted with it. This is completely mistaken; the testimony of the two witnesses as to the clothes worn by the accused was not in the least inconsistent. It is true that they did not use identical terms in describing his clothes; but that is quite another matter. The "jacket" that Latta observed might well have been "a rust colored Eisenhower or suede jacket, one of those short jackets." Moreover, it accords well enough with the phrase, "sport clothes." Besides, it was highly corroborative of Latta, that the same person came out of the building into which Latta had gone shortly before, was absent for an hour or more, went in again, and that Latta shortly thereafter came out with the heroin.

Judgment affirmed.

The court wishes to express its thanks to the appellant's counsel for their gratuitous services on the appeal.