Samuel **TEDESCO**

v.

**UNITED STATES of America.**

**Civ. A. No. 446–65.**

United States District Court
District of Columbia.

July 15, 1965.

Joseph Forer, Washington, D. C., for plaintiff.

David C. Acheson, U. S. Atty. for District of Columbia, Oscar Altshuler, Donald S. Smith, Asst. U. S. Attys. for District of Columbia, Washington, D. C., for defendant.

KEECH, District Judge.

Defendant-movant filed a motion under Title 28 United States Code, Section 2255, seeking to set aside his sentence entered on a plea of guilty. It is his contention that his plea of guilty was not voluntarily entered, but was induced by threats and promises communicated to him by his counsel as coming from the trial judge. The United States denies that there was any threat or promise or other coercion in connection with the entry of the plea of guilty, and asserts that the plea was freely and voluntarily entered by defendant-movant on the second day of his trial and after the principal witness for the Government had given damaging testimony against this defendant-movant and other defendants. Furthermore, the Government had identified on voir dire some forty-nine witnesses from different parts of the United States, whom the District Attorney anticipated calling in connection with his case.

The trial court concluded that the record clearly showed that the plea was freely and voluntarily entered, pointing out, *inter alia*, in his opinion of February 25, 1965, movant's specific denials of any coercion at the time of the plea, and his silence at the time of sentencing. The

trial court therefore denied the motion without a hearing. On appeal, the United States Court of Appeals for the District of Columbia Circuit held that there should have been an evidentiary hearing as to movant's contention and remanded for that purpose.

Pursuant to this remand, a full hearing was held with counsel for the defendant-movant and counsel for the Government actively participating. Said movant testified and introduced testimony of two codefendants (one his son) and testimony of the trial judge. The Government called the two retained counsel[1] for the defendant-movant and the Assistant United States Attorney who tried the case, and introduced portions of transcripts and the criminal record of said movant, which were received in evidence by stipulation. At the conclusion of the hearing argument was made by respective counsel.

The defendant-movant contends that the trial judge stated:

(1) that he wanted the case stopped;

(2) that in view of "The Turk's" testimony defendants would surely be convicted;

(3) that, if defendant were found guilty on more than one count, the court would impose consecutive sentences on all such counts;

(4) that there would be no bail pending appeal; and

(5) that the court would place defendant-movant's son, a codefendant, on probation. (Said movant contends further that the latter was not done.)

Defendant-movant contends that these statements were conveyed to him by his counsel.

■ This court sitting without a jury as the finder of facts has the duty of passing on the credibility of the various witnesses who have testified. It must therefore consider the demeanor of the witnesses on the stand, whether they appear to be truth-telling individuals, their interest in the outcome of the matter under consideration, any prejudice or bias for or against either side, and their opportunity of knowing the facts and circumstances about which they testify. In addition the court has before it these facts: that defendant-movant has a large number of convictions covering many years (as per a four-or-five-page transcript stipulated into evidence); that defendant-movant's son, codefendant, has a conviction of receiving stolen property growing out of a burglary charge in Pittsburgh; and that the third witness, also codefendant, has a criminal record. Furthermore, the testimony of defendant-movant and his codefendants was vague and indefinite. For example, they used terms such as "imagine", and the words "he" and "they" without specifying who was intended (i. e., District Attorney or Judge or Defense Counsel).

The record indicates clearly that counsel for the defendant and codefendants were interested in negotiating for a practicable disposition of their twelve-count indictment. At first Government counsel was not interested in their proposal. The subject was broached again at the morning recess on the second day of trial, while counsel for defendants and Government counsel were in the chambers of the trial judge. Possible disposition was explored, the court not reconvening until after the luncheon period, at which time the plea of defendant-movant was entered.

It was at the meeting with the trial judge that the alleged statements were purported to have been made, subsequently being conveyed to defendants, movant contends, by their retained counsel. These statements are the bases for defendant-movant's contention that his plea was not voluntarily entered but

[1] Experienced and respected lawyers, who had specialized in the practice of criminal law for a great many years. One was an able Assistant United States Attorney under two United States Attorneys in this District.

was induced by coercion—threat and promise. This contention is made notwithstanding the fact that prior to the taking of the plea of the defendant-movant he denied any promise or threat and affirmatively asserted that his plea was freely and voluntarily made and for the sole reason that he was guilty of the charge to which he was entering the plea. Likewise, at the time of sentence, although opportunity was given to both defendant-movant and his counsel, no claim was made that the guilty plea of the movant had been coerced or resulted from any threat or promise. Indeed the record reflects that defendant's then counsel knew nothing of the latter's contention until a proceeding was brought under Section 2255.

▮ As to the above-enumerated statements alleged by the defendant-movant, the court finds:

As to No. 1:

That no such statement was made by the trial judge, and further, that no such statement was conveyed to the defendant-movant.

As to No. 2:

That no such statement was made by the trial judge, nor conveyed to defendant-movant by his counsel; that it was generally agreed that the witness "The Turk" had given damaging testimony as to which said movant and all were cognizant; and furthermore, that the question of guilt or innocence of said movant was a question for the jury's determination, not for the court's determination.

As to No. 3:

That no such statement was made by the trial judge, nor conveyed to the defendant-movant; that the trial judge indicated to counsel that the court would likely impose consecutive sentences on two counts as to defendant-movant and his codefendant Murgie, if they were convicted. Defense counsel Allder advised defendant-movant that certain defendants, including defendant-movant, might receive consecutive sentences.

As to No. 4:

That there was no discussion of this subject and that no such statement was made nor conveyed to defendant-movant. The court further finds that if the subject matter had been discussed the trial court would have stated that he would permit defendants to continue on bond pending appeal.

As to No. 5:

That no promise was made by the trial judge to place defendant's son, Louis S. Tedesco, on probation, nor was any such statement conveyed to defendant-movant. The court further finds that there was a general discussion as to usual practice, namely, that the probability was that a young man without criminal record in a non-violence case would be placed on probation.

▮ The court finds: that the record discloses no statement attributable to the trial judge, nor to other source, that was conveyed to defendant-movant that could be found to have coerced defendant-movant or constituted a threat or promise—in short, that there was no coercion, threat or promise made or conveyed to said movant; that movant's plea was freely and voluntarily entered, after full discussion with retained counsel; that movant was fully aware of what he was doing and did so for his own interest; that he was knowledgeable in the field of criminal law by virtue of many contacts therewith for a period of approximately one-third of a century; and that he was not misled, nor did he plead guilty under any misapprehension. Having so found, the court concludes as a matter of law that defendant-movant's motion under Section 2255 should be, and it is hereby, denied.