418 P.2d 780

The STATE of Utah, Plaintiff and Respondent,

v.

Kenneth D. KNEPPER, Defendant and Appellant.

No. 10614.

Supreme Court of Utah.

Oct. 4, 1966.

Frank S. Warner, Ogden, for appellant.

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.

McDONOUGH, Justice:

Upon trial to the court the defendant, Kenneth D.. Knepper, was found guilty of embezzlement of a typewriter. under Sec-

tion 76–17–5, U.C.A.1953, as amended 1961. He appeals, contending (1) that a typewriter does not come within the terms of that statute, which we set out below; and (2) that in any event the evidence does not justify a finding that his conduct was "wilful" as that statute requires.

■ In order to provide the factual foundation, we consider the second problem first and in doing so adhere to the requirement on review of analyzing the evidence and reasonable inferences to be drawn therefrom in the light most favorable to the judgment.[1]

On October 30, 1964, the defendant rented a typewriter worth $140 from Kammeyer's Sports Store, Ogden, Utah and paid one month's rent of $8.00. He was starting a sign-painting business in Clearfield, Utah, with two young men, apparently on a profit sharing basis. The venture was unsuccessful and closed up within a month. It was shown that Mr. Kammeyer had called the defendant who assured him that the typewriter would be returned or the next month's rent would be paid by that Saturday. The promise was not kept. Mr. Kammeyer made several further efforts to get his typewriter but without success.

The defendant's only excuse for not returning the typewriter was his own testimony that he had expected the boys to return it:

"Q. When was the last time you saw the typewriter?

"A. I don't know the date. I just give it to the boys and told Danny—I said, 'You guys run it that way. It will be more convenient if you guys take it with you. It will save time.'"

He further testified that there were some supplies belonging to others which the boys took, and refused to return to the owners because they claimed the defendant owed them money. Shortly after the business closed the defendant went to California and was not located for over a year.

■ The defendant argues and cites authority that "wilful" conduct requires that he must have acted "with a particular purpose * * * without justifiable excuse * * * stubbornly, obstinately, perversely, * * *."[2] We are not called upon to agree or disagree with such an explanation of the meaning of the term as it may be used in some circumstances. However, Section 76–1–3(1) U.C.A.1953 defines the term "wilfully" as it is used in our penal code:

The term "wilfully," when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or make the omission referred to. It does not require

1. State v. Ward, 10 Utah 2d 34, 347 P. 2d 865 (1959).

2. United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933).

any intent to violate law or to injure another or to acquire any advantage. This statute is in ordinary, understandable language, the import of which is that the accused must be aware of the act charged, and that he consciously desired to do it or at least was willing that it be done and that is sufficient under our law.[3]

■■ It is true that all the defendant had to do was to raise a reasonable doubt that he was guilty of a wilful embezzlement of the typewriter. Further, we do not question that the defendant's story was sufficient to do so if the trial judge had believed it. Where the trial was to the court, he had the same exclusive prerogatives of judging the credibility of the evidence and of finding the facts as normally belongs to the jury.

■ In addition to the important fact of the defendant's self-interest,[4] there are certain facets of the evidence which the court could and undoubtedly did regard as rendering defendant's testimony of dubious character. He had entered into business with these two young men, whom he referred to as Richard and Danny, and attempted to shift his own responsibility by blaming them. Even at that, he did not claim that he told them where to take the typewriter, but just assumed they knew. From anything that appears, no effort was made to locate or call either of them as a witness to corroborate his story. From these facts and his evasiveness and apparent convenient lack of memory when pinned down to details, there is ample justification for the trial court's refusal to accept his story whole cloth. Consequently, we are not persuaded that we should disagree with the finding of the defendant's guilt.

The defendant's contention that a typewriter is not included within the terms of Section 76–17–5 focuses attention upon this wording:

Every person who has leased or rented a motor vehicle, trailer, appliance, equipment, tool or other valuable thing, and who wilfully fails to return the same to its owner within ten days after the lease or rental agreement has expired, is guilty of embezzlement.

His argument has two facets: (1) that a penal statute should be construed liberally to the accused and strictly against the state, and (2) that under the rules of statutory construction, known as "noscitur a sociis" and "ejusdem generis," the beginning terms, "motor vehicle," and "trailer" give character to the succeeding terms and therefore a typewriter is not included.

■ The first point is answered by another of our statutes, Section 76–1–2, U.C.A. 1953, which provides:

---

3. See State v. Roedl, 107 Utah 538, 155 P.2d 741 (1945).

4. See In re Richards' Estate, 5 Utah 2d 106, 297 P.2d 542; Smith v. Industrial Commission, 104 Utah 318, 140 P.2d 314.

The rule of the common law that penal statutes are to be strictly construed has no application to these revised statutes. The provisions of these revised statutes are to be construed according to the fair import of their terms with a view to effect the objects of the statutes and to promote justice.

The other rules of statutory construction in the Latin phrases recited above have validity as guidelines in ascertaining the meaning of statutes, but they should not be so applied as to unduly limit the purpose of the statute and defeat the intent of the legislature.[5] If the terms following the initial ones, "motor vehicle" and "trailer" could reasonably be regarded as of that same general character the argument would be more persuasive.[6] The statute in question was enacted in 1961. It appears to be aimed at the embezzlement of various kinds of rented chattels, which practice has become more widespread in recent years than formerly. The terms "appliance" and "equipment" are themselves of general character and have meanings independent of and unrelated to "motor vehicle and trailer." In the light of the purpose of the statute and the further fact that the terms are used in a disjunctive series connected by the final "or," it is our opinion that the reasonable interpretation of the statute is that the terms "appliance [or] equipment" are not limited to the character of "motor vehicle or trailer" and that the typewriter comes within its terms. Its meaning is sufficiently clear to meet the requirement that persons of ordinary intelligence should be able to understand what is required of them and not be misled or confused thereby.[7]

The conviction is affirmed.

HENRIOD, C. J., and CROCKETT, CALLISTER and TUCKETT, JJ., concur.

---

5. Gooch v. United States, 297 U.S. 124, 56 S.Ct. 395, 80 L.Ed. 522 (1936); Salt Lake City v. Doran, 42 Utah 401, 131 P. 636 (1913).

6. See Heathman v. Giles, 13 Utah 2d 368, 347 P.2d 839 (1962).

7. Ringwood v. State, 8 Utah 2d 287, 333 P.2d 943 (1959).