456 P.2d 156

**STATE of Utah, Plaintiff and Respondent,**

v.

**Glen W. MECHAM, Defendant and Appellant.**

No. 11527.

Supreme Court of Utah.

July 2, 1969.

Glen W. Mecham, pro se.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Joseph P. McCarthy, Jay Edmonds, Asst. Attys. Gen., Salt Lake City, for respondent.

CROCKETT, Chief Justice.

Defendant Glen W. Mecham appeals from a conviction of the crime of indecent assault after a nonjury trial in the District Court.

The gravamen of the defendant's appeal is that although the judge found him guilty, during his discussion at the conclusion of the evidence he made certain comments which indicate that he was mistaken as to the necessity of holding the State to its proof of the crime on a certain date; and that as to the date in question, under the views the court thus expressed, he could not have found the defendant guilty beyond a reasonable doubt.

Without setting out the testimony in detail, it can be stated in summary that there was evidence presented by the State from the victim, an 11-year-old girl, as to the defendant's indecent assault upon her on the afternoon of Friday, August 2, 1968; and as to events immediately following the offense from her mother and another

woman, which sufficiently support the finding of the defendant's guilt. In support of his attack upon that finding, defendant places his reliance upon his denial and the fact that there was evidence from his wife, his 18-year-old son, his 17-year-old foster daughter, and a 13-year-old neighbor boy, which would tend to indicate that the defendant was around his home and in the presence of one or more of them during the afternoon of August 2d and, thus, could not have committed the offense. It is noteworthy that the exact date of the offense was never made a particular issue at the trial by notice of alibi or otherwise, except as the witnesses were questioned as to what happened on that date, and except as attention has now been focused upon it. We recognize that in spite of this fact, it is nevertheless the burden of the State to prove the defendant's guilt beyond a reasonable doubt; and if the evidence of the defendant's being elsewhere is sufficient to raise a reasonable doubt as to his being involved in the crime, he should be acquitted.[1]

The following remarks of the trial court provide the basis for the defendant's attack upon the judgment:

THE COURT: I think the little girl was telling the truth. The event may not have occurred on the 2nd day of August, but on some date very close to that time. It seems to me that it couldn't very well have been a fabrication of what she said. I don't need to find that the witnesses, other than the defendant, falsified. They may have done. But it may have been just a mistake. It may have been a different day that this occurred. I don't know.

▆▆▆ In appraising the merit of the defendant's attack there are certain observations to be made applicable thereto. The defendant and his counsel, for their own reasons, perhaps in part because of the nature of the charge, had elected to have a trial by the court without a jury. It then became the trial judge's exclusive prerogative and his duty to judge the credibility of the witnesses and to determine the facts.[2] He is a man who is learned in the law and who has many years of experience as a lawyer and a district judge; and in any event, we would indulge the assumption that the judge was aware both of the seriousness of the situation with which he was dealing, and of these propositions

---

1. As to the immateriality of the allegation of time and proof thereof see discussions in State v. Cox, 106 Utah 253, 147 P.2d 858; State v. Gates, 118 Utah 117, 220 P.2d 115; State v. Distefano, 70 Utah 586, 262 P. 113. But that time is material if alibi is raised, see State v. Cooper, 114 Utah 531, 201 P.2d 764; State v.

Waid, 92 Utah 297, 67 P.2d 647. See Section 77-21-12(1), U.C.A.1953.

2. Where the trial is to the court, the court has the same exclusive prerogatives of judging the credibility of the evidence and of finding the facts as normally belong to the jury. State v. Knepper, 18 Utah 2d 215, 418 P.2d 780; United States

of law applicable to it: the necessity of finding the defendant guilty beyond a reasonable doubt upon consideration of all of the evidence together; and that when such findings and judgment are made, they are controlling over merely cursory or casual observations made by the judge in discussing the case.[3] To avoid misunderstanding, we note our agreement with these exceptions to the general proposition just stated: where the statements of the court indicate a finding of fact which would necessarily be inconsistent with and defeat the judgment, or where they show a misconception of the law with respect to which a correct view would have produced a different result, the ruling would be otherwise.[4] But we are not impressed that either of such circumstances is present here.

■ In view of what we have said above concerning the prerogative of ￢the trial court, it is our duty to survey the entire record in the light favorable to the judgment and to assume that he believed the evidence which supports it. It is true that the judge's remarks quoted above could possibly be taken as indicating a reasonable doubt as to the defendant's guilt, if he had so regarded them. But from the record, and from the judgment entered, it is obvious that he did not. It is unnecessary, but perhaps not amiss, to further observe that there appears to be a rational explanation of the trial court's remarks and upon which he could regard them as not necessarily inconsistent with the finding of guilty.

In the first place, the remarks related to witnesses who were all members of the defendant's family, except for the neighbor boy who said the defendant had been like a father to him. The judge may well have thought it a little too much to expect a wife and family, under these circumstances, in the face of such an accusation, to say anything other than that the defendant was around home where he claimed he was; and further, that he felt it was unnecessary to insult or humiliate this loyal wife and family by calling them liars, and therefore proceeded to rationalize a bit about the matter. Notwithstanding this apparently chivalrous compunction, it is realistic to point out that in addition to the interest of the witnesses referred to, there are other bases upon which the trial court could have regarded their testimony as not casting a reasonable doubt upon the State's evidence that the defendant committed the crime.

v. Dudley, 260 F.2d 439 (2d Cir. 1958); Tedesco v. United States, 244 F.Supp. 115 (D.C.1965).
3. See Drury v. Lunceford, 18 Utah 2d 74, 415 P.2d 662; Walker Bank & Trust Co. v. Walker, 17 Utah 2d 390, 412 P.2d

920; Wheat v. Denver & R. G. W. R. Co., 122 Utah 418, 250 P.2d 932; McCollum v. Clothier, 121 Utah 311, 241 P.2d 468.
4. See Walker v. Peterson, 3 Utah 2d 54, 278 P.2d 291; and State v. Whitely, 100 Utah 14, 110 P.2d 337.

·As to the wife, there is evidence that at the time of the defendant's arrest she told the police at her front door that the defendant was not at home, but only a few moments later he was apprehended trying to leave through a back window by another officer stationed at the rear. The son's testimony was based on the fact that he spent "every Thursday and Friday afternoon" watching penned rabbits near the area where the assault was alleged to have been committed, and that since the crime was supposed to have been committed on Friday, he would have seen it, but didn't. It is also true that the testimony of the foster daughter and of the neighbor boy, even if the judge had believed them, does not necessarily show that the defendant was in their presence at all times during the afternoon when the offense occurred.

█ We revert to the foundational and controlling question in this case. It was not, as the defendant seems to suggest, whether the trial judge did or did not believe the witnesses referred to may have falsified. It was whether upon all of the evidence he was convinced beyond a reasonable doubt that the defendant committed the offense. It is our conclusion that, notwithstanding his remarks hereinabove quoted, he clearly and unequivocally indicated that his overall and final judgment in the matter was that the defendant was guilty as charged. Upon our survey of the record, we are not persuaded that there is any

justification shown for overturning the judgment.

Affirmed. No costs awarded.

TUCKETT, HENRIOD, and ELLETT, JJ., concur.

CALLISTER, J., concurs in the result.