Chester WEBSTER, Plaintiff
and Appellant,

v.

Maurice D. JONES, Judge of the Salt
Lake City Court, Defendant and
Respondent.

No. 15171.

Supreme Court of Utah.

Nov. 1, 1978.

O. Brenton Rowe of Salt Lake Legal Defender Ass'n, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff instituted this habeas corpus proceeding in the district court to restrain the city court of Salt Lake City from revoking probation that had been granted him on a 30-day jail sentence for drunk driving. The case was remanded to the city court for an evidentiary hearing on the matter of revocation of probation.

On appeal, plaintiff contends that the district court should have nullified his conviction because he had been denied the constitutionally assured right to counsel.

There is no record brought here of the proceedings in the city court. We are thus left to discern what occurred largely from the plaintiff's own self-serving testimony given in this habeas corpus proceeding. It does appear that there was a discussion concerning his representation by counsel. In response to questions by the court (City Judge Paul Grant), plaintiff answered that he owned a 1973 pickup truck, and had a yearly income of $5,000 from an escrow agreement on a sale of property in Idaho. But he said he was unemployed and had outstanding debts of about $10,000. He said that the judge ruled that, because he was not indigent, the court would not appoint him counsel.

The case was continued twice and finally came on for hearing before the defendant herein, Hon. Maurice D. Jones on August 11, 1976. Plaintiff says that he again requested counsel and asked for another continuance. Judge Jones stated he would grant a continuance if the plaintiff would pay the fees for witnesses that had been subpoenaed. But the plaintiff claimed he had no money to do so. The trial proceeded with the defendant presenting his own defense and testifying in his own behalf. He was found guilty and the following month, on September 3, 1976, Judge Jones imposed a sentence of a fine of $250 and 30 days in jail, the jail sentence to be suspended and the defendant to be on probation for one year.

Subsequently, the plaintiff was arrested for burglary. At a probation revocation

hearing on February 10, 1977, in which he was again not represented by counsel, Judge Jones found that he had violated his probation and ordered it revoked and that the defendant serve the 30-day sentence. It was then that the plaintiff instituted this habeas corpus proceeding in the District Court attacking the judgment and sentence.

It was at the hearing on that proceeding, April 15, 1977, before Judge Jay E. Banks that plaintiff testified as to his version as to what had occurred in regard to his request for counsel in the proceedings in the city court as recited above. As a result of that hearing, Judge Banks entered the order denying plaintiff's petition, which he attacks on this appeal.

We are in accord with the contention of the plaintiff that where a person is charged with an offense which may be punished by imprisonment, he is entitled to the assistance of counsel.[1] This is among the clearly stated and ample protections afforded one accused of crime in our Utah Constitution, Art. I, Sec. 12, provides that:

> In criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf . . .

This assures an accused the right to representation by an attorney of his choice if he is able to employ counsel, or if he is indigent and unable to obtain counsel, he is entitled to a court-appointed attorney.[2]

Whether he is able to employ his own counsel is a question of fact to be determined by the court.[3] That subject is dealt with in Section 77–64–4, U.C.A., 1953, which provides:

> At or after the time of the first appearance, before a committing magistrate, the determination of indigency shall be made by the court.

When the court has made such a determination, it is entitled to the same presumptions of correctness as other findings and determinations made by the court and the burden is upon the one attacking it to show that it was in error.[4]

The second and insuperable obstacle to the plaintiff's position here is that, if he had felt aggrieved when the judgment and sentence he now questions was imposed on September 3, 1976, he had his remedy by appeal to the district court. When he failed to do so, they should be considered to be at rest and not subject to what would be in effect a belated appeal by the use of habeas corpus proceedings.[5] However, in view of his contentions and the manner in which the prosecution has responded to them, we have proceeded upon the assumption that if his claims as to the violation of his basic constitutional rights were true, they might bring him within purview of habeas corpus. The rule which we recognize is that the writ may be used in certain exigent circumstances, including where the court was without jurisdiction, or there has been such unfairness or failure to accord due process of law that it would be wholly unconscionable not to re-examine the conviction.[6]

In this case, we do not perceive that anything that occurred was unfair to the plaintiff, much less unconscionable. On the contrary, we think it should be discordant

1. U.S.Const., Amend. VI; *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

2. *Glenn v. United States*, 303 F.2d 536 (5th Cir. 1962). See 77–64–2, U.C.A., 1953.

3. *State v. Anaya*, 76 N.M. 572, 417 P.2d 58 (1966); *City of Seattle v. Brenden*, 8 Wash. App. 472, 506 P.2d 1314 (1973); *State v. Timmons*, 218 Kan. 741, 545 P.2d 358 (1976).

4. See *State v. Knepper*, 18 Utah 2d 215, 418 P.2d 780 (1966); *Schad v. Turner*, 27 Utah 2d 345, 496 P.2d 263 (1972); *Morgan v. Rhay*, 78 Wash.2d 116, 470 P.2d 180 (1970). As to the trial court's discretion in determining whether the defendant should be classified as indigent, see *State v. Mickle*, 56 Haw. 23, 525 P.2d 1108 (1974).

5. See *State v. Zumbrunnen v. Turner*, 27 Utah 2d 428, 497 P.2d 34.

6. *Gallegos v. Turner*, 17 Utah 2d 273, 409 P.2d 386 (1965).

to anyone's sense of fairness and justice, as it is to our own, for a person to accept a judgment which places him on probation during good behavior, enjoy the benefits thereof until his misconduct justifies revocation of the probation, then attempt to revert back and attack the judgment. The principle of estoppel is not usually spoken of as applying in the criminal law, but the principle of fairness and good conscience pervades throughout the law, and this plaintiff, having enjoyed the benefit of the judgment so long as it favored him, should not in good conscience be allowed to turn about and complain thereof.

For the reasons hereinabove stated, it is our conclusion that Judge Banks was justified in refusing to rule that the plaintiff's rights had been so violated as to render the judgment and sentence void. We see nothing unfavorable to the plaintiff in remanding the case to the city court for an evidentiary hearing as to justification for revoking his probation. Affirmed. No costs awarded.

ELLETT, C. J., and MAUGHAN and HALL, JJ., concur.

WILKINS, J., concurs in result.