STATE of North Dakota, Plaintiff and Appellee,

v.

Donald MORRIS, Defendant and Appellant.

Cr. No. 788.

Supreme Court of North Dakota.

Feb. 11, 1982.

Tom P. Slorby, States Atty., and Richard C. Wilkes, Asst. States Atty. (argued), Minot, for plaintiff and appellee.

McGee, Hankla, Backes & Wheeler, Minot, for defendant and appellant; argued by Donald L. Peterson, Minot.

PEDERSON, Justice.

This appeal is from a conviction of Criminal Attempt (§ 12.1–06–01, NDCC). The complaint originally alleged that Morris, an adult, committed the offense of Corruption of Minors (§ 12.1–20–05, NDCC). Morris was accused of engaging in a sexual act with a minor, aged 16.

The minor involved, Miss "D", in a tape-recorded interview prior to the arrest of Morris, stated that she had had sexual intercourse with Morris at a locker plant in Ryder. Two boys, aged 15 and 16, made statements that they had observed Morris and Miss "D" in an act of sexual intercourse.

The case was tried to the court, without a jury. At the trial Miss "D" denied ever having sexual intercourse with Morris. The two boys who allegedly observed the act of sexual intercourse between Morris and Miss "D" at the locker plant testified that they broke into the locker plant to see if the rumors about Morris and Miss "D" were true. They testified that they saw Morris and Miss "D" through a slot above a door in the locker plant. The boys said that they took turns lifting each other up to see through the slot and each saw Morris and Miss "D" for a period of 10 to 15 seconds. Their testimony was that they saw Morris and Miss "D", both naked, in a compromising position. Both boys stated that they did not see an act of sexual intercourse.

After resting, the State moved that the court consider the lesser included offense of criminal attempt. Morris moved for acquittal, and argued that the court should not consider criminal attempt as a lesser included offense.

The court responded as follows:

"Regarding whether or not Criminal Attempt in this case would be an included offense, the Court finds that it would be, although Rule 31(c) does refer to jury verdicts, but the Court does have to go by the same rules that apply to the jury reaching the verdict, and the Defendant may be guilty of an offense necessarily included therein if the attempt is an offense.

"I do not believe that has to be charged out separately, and I think, specifically, were the State to fail on this charge, they couldn't charge the Defendant out with Criminal Attempt on the same charge, that jeopardy would attach, that it is necessarily included not just in this charge, but virtually every criminal charge."

The court dismissed the charge of corruption of minors in violation of § 12.1–20–05, NDCC, and found the defendant guilty of the lesser included offense of "criminal attempt of corruption of minors," a class A misdemeanor.

The issues presented for our review are as follows:

(1) Whether or not Rule 31(c), NDRCrimP, applies to trials to a court without a jury.

(2) Whether or not criminal attempt must be alleged in the complaint.

(3) Whether or not the evidence was sufficient to support the conviction.

Rule 31(c) provides as follows:

"(c) Conviction of Lesser Offense. The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

Rule 31(c), NDRCrimP, is identical to Rule 31(c), Fed.R.Crim.P. Interpreta-

tions or constructions by the federal courts are entitled to great weight. *State v. Holy Bull*, 238 N.W.2d 52, 55 (N.D.1975).

■ Morris argues that because he was tried by a judge and not by a jury Rule 31(c) does not apply. His argument, basically, is that Rule 31(c) only applies to jury verdicts and that judges do not return verdicts. He points out that Rule 23(d) limits the trial judge, sitting without a jury, to making "a general finding of guilty or not guilty." The rationale of Morris's argument is that there are historic differences between the function of a judge and a jury in a trial, and that Rule 31(c) is for the purpose of allowing a jury to temper justice with mercy by allowing it to find a defendant guilty of a lesser included offense. On the other hand, he contends that the trial judge, sitting in place of a jury, is only to decide the defendant's guilt or innocence of the offense charged and has the power of leniency only in sentencing, but has no power to find a defendant guilty of a lesser included offense. We do not agree with this argument.

The court stated in *United States v. Dudley*, 260 F.2d 439, 440 (2d Cir. 1958), that a waiver of a jury trial "substitutes the judge for the jury in all respects." Morris, however, directs our attention to *United States v. Maybury*, 274 F.2d 899 (2d Cir. 1960), which refused to apply the above general statement from *Dudley* to inconsistent judgments by judges sitting without juries in criminal cases. The court, in *Maybury*, explained at pages 902–903:

"... the decision to ignore inconsistencies in the verdict of a jury in a criminal case was based on special considerations relating to the nature and function of the jury in such cases rather than on a general principle to be applied even when these considerations were absent."

"We do not believe we would enhance respect for law or for the courts by recognizing for a judge the same right to indulge in 'vagaries' in the disposition of criminal charges that, for historic reasons, has been granted the jury. *United States v. Dotterweich*, 1943, 320 U.S. 277,

279, 64 S.Ct. 134 [135], 88 L.Ed. 48. . . . Since we find no experience to justify approval of an inconsistent judgment when a criminal case is tried to a judge, we think logic should prevail."

The considerations that led the court to distinguish between the functions of a judge and jury with regard to inconsistent judgments in criminal cases, however, do not control here. The instant case involves the question of whether or not the function of the judge is so distinguishable from the function of a jury that Rule 31(c) cannot apply because juries, not judges, return verdicts.

Morris's argument is based, in part, upon 2 Wright, Federal Practice & Procedure, Criminal, § 515, which says:

"Rule 31(c), permitting a jury to find defendant guilty of a lesser offense necessarily included in the offense charged, is a restatement of prior law. [Footnote omitted.] This doctrine developed at common law to aid the prosecution in cases where the proof failed to show some element of the crime charged. [Footnote omitted.] It can be beneficial to the defendant, however, since the jury may temper justice with mercy by acquitting defendant of the offense charged and finding him guilty of the lesser offense. [Footnote omitted.]"

We note that the purpose of Rule 31(c) is to aid the prosecution, and that the benefit to defendants is a possible result of the rule but not its purpose. *United States v. Johnson*, 637 F.2d 1224, 1233 (9th Cir. 1980), in discussing Rule 31(c), stated that a defendant's procedural right to an instruction on included offenses is not based on "some supposed notion of the jury's compassion or leniency."

"The purpose of [Rule 31(c) ] is to avoid the situation in which the jury, convinced that the defendant is guilty of some crime, is tempted to convict him of the charged offense even though the prosecution has failed to make out one or more of the elements of that offense." *Id.*

The purpose of Rule 31(c) to assist the prosecution, and possibly to benefit defendants, applies to nonjury trials as well as jury trials.

We are not influenced by the argument that a trial judge, sitting without a jury in a criminal trial, is limited by Rule 23(d) to finding a defendant guilty or not guilty of the crime charged, nor by the argument that a lesser included offense must be specifically charged in the criminal complaint.

Rule 23(d) states as follows:

"(d) Trial Without a Jury. In a case tried without a jury, the court shall make a general finding of guilty or not guilty."

A jury is also required to return a verdict of guilty or not guilty.

"In ... [criminal] trials the practice has been settled time out of mind to charge but one crime in one count, to accept but one general plea to it and to call upon the jury to make but one general response, guilty or not guilty." *Gray v. United States,* 174 F.2d 919, 923 (8th Cir. 1949), *cert. denied,* 338 U.S. 848, 70 S.Ct. 90, 94 L.Ed. 519.

The above language from *Gray* is quoted in 2 Wright, Federal Practice & Procedure, Criminal § 512, which explains that the criminal rules do not provide for special verdicts or general verdicts accompanied by special interrogatories as do the civil rules, and that "in general, therefore, the only proper verdicts are 'guilty' or 'not guilty.'" In *State v. Berger,* 235 N.W.2d 254, 263 (N.D.1975), this court held:

"In a criminal case tried to the court without a jury, the court is not required to make findings of fact. It either finds the defendant guilty or not guilty in the same manner as a jury. The court is the trier of the facts and its findings are in this respect treated the same as a jury verdict upon review in the appellate court."

The comment to Rule 23(d) explains that our rule is not the same as its federal counterpart in that it requires only a finding of guilty or not guilty, whereas the federal rule provides that "in a case tried without a jury the court shall make a general finding and shall in addition upon request state the facts specially ...." Rule 23, FRCrimP. This comment does not suggest, as is argued by Morris, that Rule 23(d) is intended as a limitation on what charge the court may find a defendant guilty but, rather, it explains that trial judges in North Dakota need not state the facts specifically on request as required by the federal rule.

The rule envisions that the judge is rendering, in effect, a verdict. Whether it is a judge or a jury that decides the guilt or innocence of a defendant is not significant. Any semantic difference between what the decision is called, be it a decision by a judge or jury, is likewise not significant. There is no sound rationale for holding that Rule 31(c) applies to only jury trials.

■ Morris contends that his rights under the Sixth Amendment to the United States Constitution to be informed of the nature and cause of the accusation against him prohibits a finding of guilty of an offense that was not charged in the complaint.

Courts have held that a defendant can be found guilty on a lesser included offense which is not charged in the complaint. *See United States v. Brewster,* 506 F.2d 62, 74 (D.C.Cir.1974); *United States v. Stolarz,* 550 F.2d 488, 492 (9th Cir. 1977), *cert. denied,* 434 U.S. 851, 98 S.Ct. 162, 54 L.Ed.2d 119 (1977). In *State v. Sheldon,* 301 N.W.2d 604, 608 (N.D.1980), *cert. denied,* 450 U.S. 1002, 101 S.Ct. 1711, 68 L.Ed.2d 204, a jury-tried case, we stated that an indictment "is sufficient notice to the defendant that he may be called upon to defend a lesser included charge." We concluded:

"Thus, where a jury returns a guilty verdict to a lesser included offense not specifically stated in the information, the defendant is not deprived of his Sixth Amendment right to notice of the charges against him." *Id.*

Morris attempts to distinguish *Sheldon* because it was a jury case. We can see no legal or practical reason for such distinction.

Morris finally contends that the evidence is insufficient to support the finding of guilty of criminal attempt. To support his argument, he points out that there was no testimony that he and Miss "D" were observed while engaged in sexual intercourse; that there were inconsistencies in the testimony of the two boys; and that Miss "D" denied that she had sexual intercourse with Morris. Morris further points to testimony which suggests that the boys had reasons to be biased against him.

In *State v. Olmstead*, 246 N.W.2d 888, 890 (N.D.1976), *cert. denied*, 436 U.S. 918, 98 S.Ct. 2264, 56 L.Ed.2d 759, we stated:

> " 'In criminal cases we have repeatedly held that "at the appellate level we do not substitute our judgment for that of the jury or trial court where the evidence is conflicting, if one of the conflicting inferences reasonably tends to prove guilt and fairly warrants a conviction." ' *State v. Kaloustian*, 212 N.W.2d 843, 845 (N.D. 1973), and cases cited therein; *State v. Neset*, 216 N.W.2d 285, 287 (N.D.1974)."

Considering the evidence in the light most favorable to the judgment, we find that it is sufficient to support the conviction. Judgment of conviction affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.