### STATE of Utah, Plaintiff and Respondent,

v.

### Robert ROMERO aka Peter Fidel Archuletta, Defendant and Appellant.

### No. 18628.

Supreme Court of Utah.

June 25, 1984.

---

Nancy Bergeson, Legal Defender, Salt Lake City, for plaintiff and respondent.

PER CURIAM.

Defendant appeals from robbery [1] and burglary [2] convictions after a trial to the court sitting without a jury. He assails the convictions based on alleged error in (1) failing to consider the defense of "diminished mental capacity," and (2) insufficiency of the evidence to show he knew what he was doing at the time of the offenses charged.

On October 26, 1980, the defendant was on work release from the state prison. At about 9:00 p.m., defendant knocked on the victim's door a few minutes after an accomplice, one Ms. Ulibarri, had gained entrance to the home on the representation she wished to use the telephone.[3] The victim admitted defendant to her home on the belief he had come to pick up the accomplice. A robbery ensued substantially as related in the Ulibarri decision.

■ Defendant's brief concerns itself with the evidence at trial as it relates to the claim of diminished mental capacity to form the specific intent necessary to commit the offenses charged. Defendant asserts that the trial judge considered solely the question of insanity without recognizing the evidence going to establish diminished capacity to form the required specific intent. Defendant merely assumes the judge ignored the evidence pointing to a defense on that ground. To avoid any confusion as to the law, it may be said that the courts of this state recognize the defense as to offenses requiring a specific intent,[4] and we are of the opinion the trial judge in this case was fully aware of it.

After the arrest, the defendant used an alias in identifying himself to the police and specified a club from which he had left

David L. Wilkinson, Atty. Gen., Salt Lake City, for defendant and appellant.

1. Under U.C.A., 1953, § 76–6–301.

2. Under U.C.A., 1953, § 76–6–202.

3. Ulibarri was convicted as an accomplice. The facts in that case are recounted in *State v. Ulibarri*, Utah, 684 P.2d 646 (also filed this date).

4. *State v. Sessions,* Utah, 645 P.2d 643 (1982); *State v. Wood,* Utah, 648 P.2d 71 (1981); *State v. Green,* 78 Utah 580, 6 P.2d 177 (1931).

prior to the robbery. He also said he heard strange noises and saw a black man emerge from the back door of the house. (Officers who had surrounded the house before the arrest saw no such person.) Such statements by the defendant were not inconsistent with an accused person's attempt to fabricate a defense when, as here, he was caught in the act red-handed. The trial judge reasonably could have interpreted defendant's explanation as being such a fabrication.

Defendant's witness, one Vigil, was a co-inmate at the prison. Vigil testified that he had put a dose of drugs in defendant's soft drink the day of the robbery. According to a psychiatrist witness, the dose would have produced unconsciousness. Such testimony certainly could have affected Vigil's credibility as a witness to prove "diminished mental capacity" of the defendant. Another psychiatrist testified that it was his opinion defendant had an intermittent mental lapse. He did not testify, however, as to defendant's state of mind at the time of the offenses charged. Several other witnesses testified in similar vein, all of whom had observed or had an opinion as to the defendant's mentality, but none of whom could venture a guess as to his condition at the time of the offenses charged. Such evidence is not convincing or dispositive as to the question of "diminished capacity" at the time of the robbery.

 Sanity at the time of the commission of a crime is presumed.[5] If the accused advances the defense of innocence by reason of insanity or diminished mental capacity at the time of the offense,[6] it is then incumbent upon the prosecution to prove the requisite mental capacity to commit the offense beyond a reasonable doubt. When it is the fact finder, the trial court has the prerogative to determine substan-

tiality of the evidence.[7] Nevertheless, the reviewing court is also authorized to determine that question,[8] as of the time of the offense.[9]

 At the conclusion of the trial, the judge made some statements to the effect that insanity was the issue in the case. This led defense counsel to conclude in her brief that the trial judge had ignored a possible defense of diminished mental capacity. Such an assumption is without merit. The record does not affirmatively reflect that by not mentioning the principle, the judge had not considered it; on the contrary, the record reflects otherwise. The apt language of *State v. Mecham*,[10] appears to be dispositive:

> [W]e would indulge the assumption that the judge was aware both of the seriousness of the situation with which he was dealing, and of [the] propositions of law applicable to it ...; and that when such findings are made, they are controlling over merely cursory or casual observations made by the judge in discussing the case. [Citations omitted.]

We find no reversible error in the record. The judgment and sentence of the trial court are affirmed.

5. *State v. Green, supra* note 4.

6. *See State v. Gleason,* 17 Utah 2d 150, 405 P.2d 793 (1965).

7. *State v. Baer,* Utah, 638 P.2d 517 (1981).

8. *State v. Kerekes,* Utah, 622 P.2d 1161 (1980); *State v. Lamm,* Utah, 606 P.2d 229 (1980).

9. *See* U.C.A., 1953, § 76–2–305 where "substantial capacity" must exist at the time of the proscribed conduct.

10. 23 Utah 2d 18, 456 P.2d 156 (1969).