STATE of Utah, Plaintiff and
Respondent,

v.

Annette ULIBARRI, Defendant
and Appellant.

No. 18698.

Supreme Court of Utah.

June 25, 1984.

Brooke Wells, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

1. *State v. Romero,* Utah 684 P.2d 643 (also filed    this date).

PER CURIAM.

Defendant appeals from convictions for aiding and abetting the commission of burglary and robbery offenses by one Robert Romero, in a trial without a jury. She was given a suspended sentence and placed on probation. In appealing, defendant urges that the evidence was insufficient to convict her. Romero also appealed[1] on the same ground and on the additional ground that the trial court failed to consider the defense of "diminished capacity." The defendant seeks reversal and release from the conditions of probation.

About 9:00 p.m. on October 26, 1980, the defendant knocked on the door of the victim's home. Defendant said she was in trouble and wanted to call for help. She was then admitted and attempted to call someone. She said the connection was bad and went around the table where the cord entered the room. The victim told defendant to leave the cord alone, that there was nothing wrong with the connection. The cord was later found to have been disconnected.

About that time, Romero knocked on the door and asked for a glass of water. The victim was frightened, but went for the water. She was followed by Romero who grabbed and gagged her and said he had a knife. She gave him $2.00, told Romero it wasn't much, then went to a closet and got some pennies before falling to the floor. Romero put her on the bed and began shoving a towel down her throat, threatened to stab her and demanded $10.00 or a Visa card. He then said he and his wife wanted to leave and demanded that they be let out the back door. As Romero and defendant left, they were stopped by the police who had been summoned by neighbors. The defendant testified she had met Romero while walking home, and she had escaped Romero's grip on her and ran to the victim's home to call for help.

Defense counsel presents a comprehensive review of the authorities that espouse the well-established principle that a jury

verdict or a judgment of the trial court sitting without a jury will be disturbed only where the evidence is insufficient to convince a reasonable person beyond a reasonable doubt that the offense charged had been accomplished by the accused.[2] This principle was recently stated in *State v. Petree*, Utah, 659 P.2d 443 (1983), as follows:

> We reverse ... for insufficient evidence only when the evidence ... is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he was convicted. [Citations omitted.]

Defendant's brief relies mostly on asserted facts lifted from her own testimony. The trial judge apparently did not believe such testimony and under the believable facts otherwise reflected in the record, he was correct in his decision.

The conviction and sentence are affirmed.

---

**2.** *See, e.g., State v. Wilson*, Utah, 565 P.2d 66 (1977); *State v. Mills*, Utah, 530 P.2d 1272 (1975); *State v. Williams*, 111 Utah 379, 180 P.2d 551 (1947).