406 P.2d 308

**STATE** of Utah, Plaintiff and Respondent,

v.

James **COLEMAN**, Defendant
and Appellant.

No. 10349.

Supreme Court of Utah.

Oct. 6, 1965.

Rex J. Hanson, Salt Lake City, for defendant and appellant.

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., State of Utah, for plaintiff and respondent.

CROCKETT, Justice:

Defendant was convicted by a jury of making and passing a worthless check in the sum of $4640 to Richard Perkins of Blanding, Utah, in payment on the purchase of forty-five head of cattle. Defendant appeals.

The offense charged is grounded upon Sec. 76–20–11, U.C.A.1953 which states in part:

"Any person who * * * wilfully, *with intent to defraud,* makes * * * or delivers any check, * * * knowing at the time * * * that the maker * * * has not sufficient funds in, or credit with said bank * * * for the payment of said checks * * is punishable * * *.

"The making * * * or delivering of such check * * * shall be prima facie evidence of intent to defraud."

The evidence shows that just prior to March 3, 1964, the defendant negotiated with Mr. Perkins and arrived at a tentative agreement to purchase the cattle mentioned above; but that he deferred final commitment on the deal until he had made a phone call on that date to the First National Bank of Durango, Colorado to determine if a check for $5880 he had received from a Mr. Wright was good, so that funds would be available to cover the instant transaction. Upon being advised affirmatively, the defendant gave Mr. Perkins the check for $4640 upon which the instant complaint is based, drawn on the Fruita State Bank of Fruita, Colorado. On March 6, 1964, the defendant deposited the check from Mr. Wright with the latter bank. When the Perkins check was presented to the Fruita Bank on March 6 payment was refused because Mr. Perkins *had failed to endorse it.* From anything that appears, there was sufficient money in the defendant's account to pay it at that time. It was returned to Mr. Perkins for endorsement. When it was again presented to the Fruita Bank six days later, on March 12, 1964, the defendant's balance had been reduced by the payment of other checks to approximately $2560. Accordingly, the bank this time refused payment on the ground of insufficient funds.

The point made by defendant on this appeal centers upon a colloquy between the court and the jury when the latter requested permission to ask the court some questions after it had deliberated for somewhat over two hours. In response the court stated, inter alia:

"Yes, he must have money in the bank *when he writes the check* or an arrangement with the bank to pay it, *when he writes the check,* otherwise,

that is prima facie evidence of intent to defraud."

The jury went out for further deliberations and returned in less than ten minutes with the verdict of guilty.

The defendant excepted to the oral instructions just referred to. His argument is that under the court's statement the jury could find the defendant guilty merely because the money was not in the bank at the time the check was made and delivered, even though he had intended and arranged to have the money in the bank to cover the check when it was presented, and was thus without any intent to defraud.

■ It is not to be doubted that the making and delivering of a check when the maker does not have sufficient funds or credit with the bank to cover it, in the absence of any other proof, is sufficient proof to make a prima facie case of intent to defraud as Sec. 76–20–11 provides. However, any other evidence bearing upon the accused's intent must be considered. For example, even if he did not have sufficient money or credit in the bank at the instant the check was made and delivered, if the proof showed that he had arranged to have money or credit in the bank by the time the check is presented for payment, that would negate any intent to defraud; and the evidence need raise only a reasonable doubt as

to his having such intent in order to preclude his conviction. This was not made plain by the oral instructions. The State concedes this deficiency in them, but urges that the element of intent to defraud at the time of issuance was properly covered in the court's written instructions previously given; and that under the rule that all instructions should be considered together, no prejudicial error resulted.[1] We recognize the validity of that rule generally. But like most rules, it is not so absolute that it can be invariably and arbitrarily given effect in all circumstances. It must be applied sensibly and reasonably in relation to the particular fact situation at hand.

There are several considerations which make it appear that the jury's attention could not help being specially focused upon the court's oral explanation and that it made a more cogent impression on them than the written instructions. It was given in direct response to their question upon a matter which was troubling them in their deliberations; and was obviously fresher in their minds because it was given at a later time. The fact that they returned with a verdict of guilty in a very few minutes suggests rather persuasively that this had a significant effect upon their verdict and that they were left without a correct understanding of the proof required to show intent to defraud at the time the check was issued. In

1. See Hillyard v. Utah By-Products Co., 1 Utah 2d 143, 263 P.2d 287.

this criminal case our interest is only in whether the proof established that indispensable requisite of the offense and not in any justification or excuse for the defendant's mismanagement of his affairs so that other checks came in meanwhile and this check was later rejected. We have no concern here with however censurable his conduct in that regard may be, nor with his civil liability to the complainant.

 The question we find difficult to answer is this: If the defendant intended to cheat Mr. Perkins out of his money at the time he made the check, why did he run the risky course of depositing sufficient money for payment when it was first presented. He would have had no way of knowing that Perkins would fail to endorse it. When this is considered, together with the fact that he made the phone call to confirm the worth of the check he was depositing for the purpose of covering the instant one, we are unable to see how the evidence could justify a finding beyond a reasonable doubt that the defendant had the requisite criminal intent to defraud at the time of making and delivering such check. For the reasons stated herein the conviction is vacated and the action is ordered dismissed. (All emphasis added.)

HENRIOD, C. J., and McDONOUGH, WADE, and CALLISTER, JJ., concur.