442 P.2d 943

STATE of Utah, Plaintiff and Respondent,

v.

Ray Albert MARTINEZ, Defendant and Appellant.

No. 11058.

Supreme Court of Utah.

June 21, 1968.

---

Hatch & McRae, Salt Lake City, for defendant and appellant.

Phil L. Hansen, Atty. Gen., LeRoy S. Axland, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a judgment on a guilty verdict in a burglary and larceny case. Affirmed.

A local jewelry store was burglarized. Defendant and another borrowed a suitcase from a friend, chartered a private plane to Oakland, where defendant who displayed jewelry taken, (later identified) attempted to give part of it to the pilot to fly the former to Mexico. No question was raised as to whether anyone's possession of the loot was remote.

▮ Defendant, on appeal, urges that 1) no one asked him to explain his possession of recently stolen property,[1] but we know of no case requiring anyone to urge defendant to do anything;[2] 2) that the statute, 76–38–1 (see note 1) is unconstitutional, which this court has stated *is* constitutional;[3] 3) that the court erred in failing to give a requested instruction having to do with alternative facts and conclusions and theories, which point we consider without merit, since such instruction was cumulative and more than amply covered in stock and other instructions given, and 4) that the court erred in not requiring disclosure of the prosecution's evidence, which was an all-inclusive and unreasonable disclosure demand fraught with dangerous adversary procedural implications if the request had been granted.[4]

CROCKETT, C. J., and CALLISTER, TUCKETT, and ELLETT, JJ., concur.

---

1. Under Title 76–38–1, Utah Code Annotated 1953, it is provided that "Possession of property recently stolen, when the person in possession fails to make a satisfactory explanation, shall be deemed prima facie *evidence* of guilt." (Emphasis ours).

2. See State v. Kirkman, 20 Utah 2d 44, 432 P.2d 638 (1967).

3. State v. Little, 5 Utah 2d 42, 296 P.2d 289 (1956).

4. See State v. Tune, 13 N.J. 203, 98 A.2d 881 (1953) and United States v. Garsson, 291 F. 646 (D.C.1923).