**STATE of Utah, Plaintiff and Respondent,**

v.

**Norman LAINE, Defendant and Appellant.**

**No. 16768.**

Supreme Court of Utah.

Sept. 12, 1980.

---

**11.** See Ethical Consideration, Canon 5, Comment 9 of the Utah Code of Professional Responsibility.

Robert J. Schumacher of Utah County Legal Defenders Association, Provo, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Herbert F. Smart, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

Defendant Norman Laine appeals his conviction by a jury of theft by deception in violation of Sections 76–6–405 and 76–6–412, Utah Code Ann., 1953, as amended.[1] The errors assigned are in rulings on evidence and in instructions to the jury.

On May 30, 1979, defendant went to the University Lincoln–Mercury dealership in Provo and negotiated for the purchase of a new Lincoln automobile. The car and the price of $14,930 were agreed upon, and a contract was prepared and signed. Upon his representation that he needed the car to go directly to the bank in Springville, approximately five miles away, to get the money and return, the car was turned over to defendant. He never returned to the dealer, and the car was reported stolen two days later. On June 7, 1979, defendant was arrested in Minnesota while in possession of the car and was returned to Utah to stand trial.

The defendant first attacks his conviction on the ground that the District Court erred in receiving the testimony of an employee of the car dealer in question who detailed defendant's conduct from the time defendant first came into the showroom until the car was driven away. Defendant argues that since the contract relating to the "purchase" of the car is an integrated contract, parol evidence of his representations leading up to the execution of the contract was inadmissible.

The parol evidence rule is, of course, a rule of substantive law and not evidence. The rule presupposes an action involving an existing valid written contract, and is based on the premise that when the terms of an agreement have been reduced to a clear and unambiguous writing, that writing furnishes the best evidence of the understanding of the parties.[2]

In this case, the State is not a party to nor concerned with the enforcement of the terms of the written contract. Rather, the State is interested in the contract only to the extent that the contract evidences the commission of the crime charged. Therefore, the State is neither bound by the terms of the contract nor prohibited from showing that it was executed by the parties as one of the aspects of the situation upon

---

1. Section 76–6–405(1) provides: "A person commits theft if he obtains or exercises control over property of another by deception and with a purpose to deprive him thereof." Section 76-6–412(1)(a)(i) further provides that the theft of property and services as provided in that chapter shall be punishable as a felony of the second degree if the value of the property or services exceeds $1,000.

2. See, e. g., *Kupka v. Morey*, 541 P.2d 740 (Alaska 1975); *Masterson v. Sine*, 68 Cal.2d 222, 65 Cal.Rptr. 545, 436 P.2d 561 (1968); and generally 30 Am.Jur.2d, Evidence, § 1016.

which the crime charged against defendant is based.[3] Accordingly, the parol evidence rule cannot properly be invoked to prevent the State from showing the facts relating to the issue of whether the defendant intentionally deceived the victim in order to wrongfully obtain possession of the automobile in question.[4] It follows that the District Court did not err in admitting the evidence explanatory of the circumstances under which the written contract was executed.

Defendant next maintains that the District Court committed reversible error by giving instruction no. 7 which purports to state the "essential elements" of the crime charged, but fails to expressly include the element that the defendant must be found to have intended to permanently deprive the owner of possession of the automobile.[5]

While it is true that the instructions must be viewed, and reviewed, as a whole,[6] we cannot agree with the State that any defect in instruction no. 7 is cured by instruction no. 6.[7]

■ The general rule is:

An accurate instruction upon the basic elements of the offense charged is essential, and the failure to so instruct constitutes reversible error.[8]

■ In our view, the failure to include the intent element in the basic "elements" instruction is reversible error. That instruction informs the jury that the State must prove each of the elements listed there beyond a reasonable doubt. Instruction no. 6–the "Information" instruction– does refer to the intent required for commission of the crime, but does not inform the members of the jury that before returning a verdict of guilty, they must find *beyond a reasonable doubt* that defendant had the conscious objective to withhold the property (the automobile) permanently.

■ In holding the instructions here to be fatally defective, we do not mean to imply that all of the elements of the charged crime must necessarily be contained in one instruction, though the better practice is, we think, to do so. So long as the jury is informed what each element is *and* that each must be proved beyond a reasonable doubt, the instructions taken as a whole may be adequate even though the essential elements are found in more than one instruction.

Reversed and remanded for new trial.

MAUGHAN and STEWART, JJ., concur.

3. See, 94 A.L.R.2d 570 and cases there cited.

4. Id.

5. That instruction states:

The essential elements of the crime of theft by deception as charged in the Information are as follows:
1. That the defendant, Norman Laine, unlawfully obtained a motor vehicle from University Lincoln–Mercury in Provo, Utah County, Utah.
2. That the motor vehicle was operable.
3. That it was obtained by deception.
4. That such deception occurred on or about May 30, 1979.
If you believe the evidence established each and all of the essential elements of the offense beyond a reasonable doubt, it is your duty to find the defendant guilty of the crime charged. On the other hand, if the evidence has failed to establish one or more of the elements of said offense *as above set forth* beyond a reasonable doubt, then you should

find the defendant not guilty (emphasis added).

6. See, e. g., *State v. Coleman*, 17 Utah 2d 166, 406 P.2d 308 (1965).

7. That instruction states:

You are instructed that the law of this State as applied to the crime charged in the Information is as follows:
A person commits theft if he obtains or exercises control over property of another by deception and with a purpose to deprive him thereof.
"Purpose to deprive" within the meaning of the law and these Instructions means to have the conscious object to withhold the property permanently.

8. *Dougherty v. State*, 471 P.2d 212, 213 (Nev. 1970). See, also, *State v. Miller*, 565 P.2d 228 (Kan. 1977); *Thomas v. State*, 522 P.2d 528 (Alaska 1974); *State v. Puga*, 510 P.2d 1075 (N.M.App. 1973); 23A C.J.S. Criminal Law, § 1193.

CROCKETT, Chief Justice (dissenting):

The main opinion focuses upon one asserted omission in one single instruction as the basis for overturning the verdict of a jury and the action of the trial court thereon after extended investigation and what I think was a fair trial of the issues, resulting in the conviction of the defendant. It does so in disregard of well–established rules recognized in the opinion itself.

The main opinion, correctly states that the instructions must be "viewed as a whole";[1] and that "we do not mean to imply that all of the elements of the crime charged *must necessarily be contained in one instruction.*"[2]

It is submitted that if those rules, which the opinion itself recognizes, are fairly and properly applied, it will be seen that there is no prejudicial deficiency in the instructions; and that they were adequate to their purpose of correctly advising the jury as to the issues to be determined and the law applicable thereto.

Instruction no. 2 states that the defendant Norman Laine is charged with the crime of "theft by deception" of an automobile from the University Lincoln–Mercury dealership.

Instruction no. 6, given immediately preceding no. 7 about which complaint is made, states:

> You are instructed that the law of this state as applied to the crime charged in the Information is as follows:

> A person *commits theft if* he obtains or exercises control over property of another by deception and *with a purpose to deprive him thereof.*

> "*Purpose to deprive*" within the meaning of the law and these Instructions means to have the *conscious object to withhold the property permanently.*

It seems to me quite inescapable that the defendant could not have been prejudiced by the failure of the court to include a statement concerning intent to permanently deprive the owner in that one particular instruction (no. 7). This is so because when instructions no. 2 and no. 6 are considered in connection therewith, the court plainly so told the jury. In sum, it is my judgment that there is no way whatsoever that the jury could fail to understand that, in order to find the defendant guilty, they must believe beyond a reasonable doubt that he intended to steal the automobile permanently. Moreover, there is no view of the evidence that could lead anyone acting fairly and reasonably thereon to any other conclusion.

The reversal of the conviction on technicalities when a person has been afforded all of the ample protections of our law, including a trial by a jury, has too long, too frequently, and with too much justification, been the subject of criticism by the public. The founders of our state were fully aware and sought to eliminate this by providing in the first edition of our state laws, Sec. 4975, R.S. 1898, now Sec. 77–42–1, U.C.A. 1953, that:

> After hearing an appeal the court must give judgment *without regard to errors or defects which do not affect the substantial rights of the parties.* If error has been committed, it shall not be presumed to have resulted in prejudice. The court must be satisfied that it has that effect before it is warranted in reversing the judgment.

(All emphasis herein is added.)

In conformity with the salutary purpose of that statute, this Court has many times declared that a judgment should not be reversed for mere error or irregularity, but that should be done only if it appears that in the absence thereof there is a reasonable likelihood that there would have been a different result.[3] I cannot believe any such

---

1. See footnote 6, main opinion.

2. I agree with the statement that it is better to do so. However, that an otherwise inadequate instruct may be cured by other instructions, see *State v. Crowder*, 114 Utah 202, 197 P.2d 917 (1948).

3. See, e. g., *State v. Neal*, 1 Utah 2d 122, 262 P.2d 759 (1953); *State v. Scandrett*, 24 Utah 2d 202, 468 P.2d 639 (1970).

circumstance can be found to exist here. I would affirm the judgment.

HALL, J., concurs in the opinion of CROCKETT, J.