**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Devon Wendell BAER, Defendant and Appellant.**

**No. 16395.**

Supreme Court of Utah.

Nov. 2, 1981.

David L. Wilkinson, Salt Lake City, for defendant and appellant.

Ginger L. Fletcher, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

The defendant appeals from a robbery conviction[1] at a jury trial, contending that there was error in the trial court's refusal to give a requested instruction on "mental defect or disease" as a defense.

The trial court gave instructions as to necessity of "intention" to commit an offense, to the effect that a defendant must know that the nature of his conduct may result in an offense; that voluntary intoxication is no defense to a crime; and that the use of heroin in combination with another drug, is no defense, unless at the time of the alleged offense, the accused was incapable of forming the intent to commit it.

The facts in this case, most of which were not denied, but were "excused," according to defense counsel, by defendant's mental incompetence, are reflected briefly as follows: The defendant and a companion entered a grocery store around noon, and one of the two, who was positively identified as defendant, brandished a pistol and told the clerk to open the cash register. This having been done, the other man removed its contents. Defendant and his accomplice left the store and headed south where they entered a car, and continued on south. An eyewitness to the scene followed the car, which stopped alongside a field into which

defendant and the accomplice fled and disappeared. The eyewitness called the police, who, aided by a dog, flushed defendant out of the field.

At the trial, the defense called an expert who described the effects of "PCP", a drug defendant said he had been using prior to the robbery. The questions put to the expert were based on hypothetics. There was no hard evidence as to the defendant's condition on the day of the robbery, except his own self-serving testimony to the effect that he was "kind of floating," and that he remembered nothing on the day of the robbery. The arresting officer said that at the time of arrest, within minutes after the robbery, and for 3 hours thereafter, the defendant demonstrated no apparent mental deficiency.

The State does not deny defendant's contention of a right to present his theory of the case, but points out that it is subject to some limitations, as stated in a decision of this Court in a case where intoxication was claimed as defense.[2] In the instant case, the trial court instructed on "voluntary intoxication" as being no defense unless "it negates the existence of the mental state which is an element of the offense and which in the case now before the court is that the defendant acted intentionally." The instruction did not impress the jury as a basis for defendant's innocence. This would seem to confirm the correctness of the trial court's refusal to instruct on a claimed defense calling for some kind of mental deficiency greater than voluntary intoxication. In other words, if the jury had thought the defendant was not so "drunk" as to have lost his mind, certainly it would not have thought that he was not so "dead drunk" or "insane," if there had been an instruction to that effect.

The defense of "mental disease or defect" statutorily requires the same quantum and quality of proof to successfully obtain an acquittal as is required when one tries to defend on the ground of "insanity." Counsel for the defense, has overlooked U.C.A. 1953, 76–7–305 which reads:

---

1. In violation of U.C.A. 1953, 76–6–302(1)(a).

2. *State v. Hendricks*, Utah, 596 P.2d 633 (1979).

(1) In any prosecution for an offense, it shall be a defense that the defendant, at the time of the proscribed conduct, as a result of a mental disease or defect, lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law.

(2) As used in this section, the terms "mental disease" or "defect" do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.

Defendant did not plead insanity or plead the statute defining the offense in this case, but in requesting the proffered instruction on "mental disease" endeavored to obtain an instruction midway between "drunkenness" and "insanity." Hardly can it be said that the fact-finder would seriously consider the above statute[3] as a basis for acquittal.

The evidence showed that defendant used a deadly weapon, in broad daylight, and demanded in good English, that a clerk open a cash register which certainly would be known to be a receptacle for money. Although defendant claimed to be bereft of reason or any knowledge of where he was or what was going on about him, the evidence was that he was able to run to a car, get in, then flee into a field quite suitable for concealment by a thief. The trial judge was fully justified to use the discretion which was his, in refusing to instruct the jury as requested.[4]

As stated in the second paragraph, *supra*, two instructions were given as to intention of behavior as it relates to voluntary intoxication. The jury was clearly apprised as to the lack of mental responsibility necessary to exonerate, so that taken altogether and as a whole, it was unnecessary to give the requested instructions.[5]

The appellant cites *State v. Green*[6] for the proposition that if there is any substantial evidence tending to show insanity, a pertinent instruction should be given. The case points out that substantiality of such evidence is to be determined by the trial court. We are of the opinion there was no such substantial evidence and that the trial court ruled as it did for that reason.

The verdict and judgment are affirmed.

HOWE, J., concurs in the result.

---

3. Adopted by the American Law Institute Model Penal Code as a test for insanity.

4. See *State v. Wilcox*, 28 Utah 2d 71, 498 P.2d 357 (1972).

5. *Hillyard v. Utah By-Products*, 1 Utah 2d 143, 263 P.2d 287 (1953); *State v. Coleman*, 17 Utah 2d 166, 406 P.2d 308 (1965); *State v. Martinez*, 21 Utah 2d 187, 442 P.2d 943 (1968).

6. 78 Utah 580, 6 P.2d 177 (1931).