**The STATE of Utah, Plaintiff and Respondent,**

v.

**Roy DRODDY, Defendant and Appellant.**

**No. 20235.**

Supreme Court of Utah.

June 18, 1985.

*any part of his testimony, or on the other hand are inconsistent with such testimony . . . .*

Lynn R. Brown, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals his conviction of the crime of theft by deception, a third degree

(Emphasis added.)

felony in violation of U.C.A., 1953, § 76–6–405.

Defendant and his alleged victim, Juan Vecco, became acquainted at a local restaurant where they were both employed. On July 4, 1984, defendant telephoned Vecco and invited him to a swimming party at defendant's apartment. Defendant knew that Vecco did not have a car and agreed to provide transportation for Vecco, his girlfriend, and her child. Vecco remembers mentioning to defendant that he would like to have a car of his own.

On July 5, defendant again telephoned Vecco and invited him to go swimming. On picking him up, defendant handed Vecco a typewritten card stating defendant could get a 1981 silver Mazda for $877.80. Defendant explained that "one of his companies borrowed some money to one guy that was in bankruptcy, and he [defendant] was going to take some of his property as a payment...." Defendant said the car would be available for delivery by Monday (July 9) or Tuesday at the latest. They thereupon proceeded to a credit union where Vecco purchased a money order in the amount specified and gave it to defendant. At Vecco's request, defendant gave Vecco a receipt. On Friday, July 6, defendant gave Vecco a "temporary title" to the vehicle. Actually, this was a Utah Vehicle Registration Form listing license plate and vehicle identification numbers.

Early the next week, Vecco contacted the Motor Vehicle Division and learned that the numbers on his "temporary title" were not those of a 1981 Mazda.[1] Vecco contacted the police. Thereafter, on Wednesday, July 11, Vecco and defendant signed an agreement stating defendant would deliver the car on or before July 20, and that failing, defendant would return Vecco's money plus 12% interest. Defendant was arrested on July 13 and charged with theft by deception.

The case was tried to a jury. Witnesses included Vecco, his girlfriend, the arresting officer, and an employee of the Motor Vehicle Division. The evidence established that defendant had fabricated the story about the Mazda to obtain money to meet his bills. Nevertheless, at the close of State's case, the defense moved to dismiss the charge in view of the agreement of July 11. Defendant argued that he was arrested on July 13 when, under a written agreement, he had until July 20 either to provide the car or return the money. The court denied the motion, and the jury found defendant guilty as charged. He was sentenced to a term in prison not to exceed five years[2] and ordered to pay restitution in the amount of $877.80.

U.C.A., 1953, § 76–6–405(1) provides:

A person commits theft if he obtains or exercises control over property of another by deception and with a purpose to deprive him thereof.

The critical element of deception is defined by U.C.A., 1953, § 76–6–401(5), which provides, in pertinent part, as follows:

"Deception" occurs when a person intentionally:

(a) Creates or confirms by words or conduct an impression of law or fact that is false and that the actor does not believe to be true and that is likely to affect the judgment of another in the transaction; or

(b) Fails to correct a false impression of law or fact that the actor previously created or confirmed by words or conduct that is likely to affect the judgment of another and that the actor does not now believe to be true; or

. . . .

(e) Promises performance that is likely to affect the judgment of another in the transaction, which performance the actor does not intend to perform or knows will not be performed....

---

1. The license plate number was that of a 1984 Honda, and the identification number proved to be totally fictitious.

2. This sentence was to run concurrently with another sentence defendant was serving of one to fifteen years.

The most definitive interpretation of the aforecited statutes is found in our recent case *State v. Lakey,* Utah, 659 P.2d 1061 (1983). Lakey was convicted of theft by deception after he purchased merchandise with a personal check but asked that the check not be cashed on that day because there were not sufficient funds in his account to cover it. He indicated that he had additional deposits to make before the check would clear. When the check subsequently was dishonored, Lakey was charged and convicted of theft by deception. We held that, on the facts presented, subsections (a) and (b) of U.C.A., 1953, § 76-6-401(5) were unavailing as theories of conviction since "there was insufficient evidence that [Lakey] had created, confirmed, or failed to correct a false impression of fact as to the sufficiency of his bank account *at the time he issued the check and obtained the property.*" 659 P.2d at 1063 (emphasis added). We also held that under subsection (e) (relating to future performance), the evidence was insufficient to support the jury's finding of guilt. Lakey's conviction was therefore reversed.

In the instant appeal, defendant construes his arrangement with Vecco as being one of future performance under subsection (e) of the statute. He cites *Lakey* in support of his claim that he could not be convicted since at the time of his arrest he still had time to perform under the agreement of July 11. Defendant asserts that the charges against him should have been dismissed since no jury could have found beyond a reasonable doubt that he had the conscious objective to withhold defendant's property permanently. *See State v. Laine,* Utah, 618 P.2d 33 (1980).

The State counters these arguments by suggesting that this case clearly falls under subsection (a) of the statute. It points to evidence establishing that at the critical time, when defendant took Vecco's money, defendant created the false impression he could deliver a car and that this false impression adversely affected Vecco's judgment. Furthermore, the State argues, under subsection (b) of the statute, defendant compounded the false impression by delivering to Vecco a fictitious temporary title.

We agree with the State's analysis. The agreement entered into on July 11 is immaterial to the question of defendant's intent at the time he obtained money from Vecco. This is particularly true in view of Vecco's testimony at trial that the agreement was entered into *after* the police had been contacted in hopes of enhancing his chances of recovering the money. The evidence at trial was sufficient for the jury to conclude that defendant was guilty as charged. The trial court therefore did not err in refusing to dismiss the charge.

Affirmed.

