The STATE of Utah, Plaintiff and Respondent,

v.

Martin Leo KNOWLES, Defendant and Appellant.

No. 20376

Supreme Court of Utah.

Oct. 8, 1985.

Curt Nesset, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Sandra L. Sjogren, Salt Lake City, for plaintiff and respondent.

## MEMORANDUM OF DECISION

ZIMMERMAN, Justice:

Defendant Martin Leo Knowles appeals from a jury verdict finding him guilty of motor vehicle theft.

█ The first issue of substance raised by defendant is the propriety of the jury instruction on entrapment, which stated that the defense would be proven only if "the police conduct ... would be effective to persuade the average person to commit a crime...." Defendant correctly asserts that this instruction was improper under *State v. Cripps*, Utah, 692 P.2d 747 (1984). This error, however, does not warrant reversal because the evidence of entrapment was sufficiently weak that, even absent the instruction, there was not "a reasonable likelihood of a more favorable result for the defendant." *State v. Fontana*, Utah, 680 P.2d 1042, 1048 (1984), *quoting State v. Hutchison*, Utah, 655 P.2d 635, 637 (1982).

█ Knowles next contends that transcripts of recorded conversations between him and the government informant were improperly admitted into evidence because they contained hearsay. In these conversations, defendant said that he had a buyer for a stolen jeep and would pay $400 for the vehicle. We agree with the State that the transcripts were not offered to prove the truth of anything said during the conversations. Rather, they were offered as evidence from which the jury could infer one of the elements of the crime, *i.e.*, that when defendant took the jeep, he did so with the intention of depriving the owner of his property. *See, e.g., People v. Gable*, 647 P.2d 246, 255 (Colo.Ct.App.1982); *People v. Patton*, 63 Cal.App.3d 211, 219, 133 Cal.Rptr. 533, 538 (1976).

█ Defendant also contends that the transcripts should not have been admitted because their potential for prejudice outweighed any probative value. Because the informant's in-court testimony consisted of reading the transcripts, defendant argues that admitting them into evidence permitted the jury to study them in the jury room and thus gave the jury the opportunity to accord undue weight to the testimony of that particular witness. This contention is unpersuasive. Rule 403 of the Utah Rules of Evidence authorizes the trial court, in determining the admissibility of relevant evidence, to weigh its probative value against the prejudice that might result from its admission. We will not overturn the trial court's ruling unless the abuse of discretion is so severe that it results in a "likelihood of injustice." *State v. McCardell*, Utah, 652 P.2d 942, 944 (1982). While there may have been little reason to admit the transcripts because the evidence was cumulative, they amounted only to verbatim restatements of the informant's in-court testimony, and defendant did not contest his participation in the conversations. Under these facts, we cannot find the *McCardell* standard to have been met.

We have considered defendant's other contentions and find them to be without merit. The conviction is affirmed.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

STEWART, J., concurs in the result.