**STATE of Utah, Plaintiff and Respondent,**

v.

**Shauna Maurine HARMON aka Shauna Johnson, Defendant and Appellant.**

**No. 20358.**

Supreme Court of Utah.

Jan. 14, 1986.

David M. Bown, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant was convicted by a jury of attempted robbery in violation of U.C.A., 1953, §§ 76-6-301 and 76-4-101. She appeals, citing as her single issue error by the court in refusing her proffered instruction on the elements of attempt. We reverse.

Defendant was charged by information with robbery, but at the trial, the court granted the State's motion to instruct the jury on the lesser included offense of attempted robbery. In its instructions to the jury, however, the court merely inserted the word "attempted" before the word "robbery" in the previously prepared instruction on the elements of the robbery and read it to the jury as an instruction on the elements of attempted robbery. As a result, the court failed to instruct the jury on the specific elements of attempt contained in U.C.A., 1953, § 76-4-101. Specifically, the court failed to instruct that in order to convict of attempted robbery the jury must find, beyond a reasonable doubt, that defendant's conduct constituted a "substantial step" toward commission of the offense and that the substantial step

must be "strongly corroborative" of defendant's intent to commit the offense.[1]

Defendant objected to the instruction given and requested an instruction defining the word "attempt" in accordance with section 76–4–101. The trial judge refused defendant's proffered instruction, saying that he believed the jury understood the word "attempt."

Since the jury was not instructed concerning the elements of the crime of which she was convicted, we are unable to determine whether the jury properly found each element of the crime beyond a reasonable doubt, and defendant is therefore entitled to a new trial. *State v. Laine*, Utah, 618 P.2d 33 (1980).

The State concedes that the trial court erred in failing to instruct the jury on the specific elements of the crime of attempt, but suggests that the error may have been harmless. Since defendant did not provide this Court with a transcript of the evidence taken at trial, the State reasons that this Court cannot examine the evidence to determine whether there was a reasonable likelihood that the jury would have reached a more favorable verdict for defendant had the error not occurred, and cites *State v. Knowles*, Utah 709 P.2d 311 (1985), and *State v. Fontana*, Utah, 680 P.2d 1042

(1984). However, in neither *Knowles* nor *Fontana* did the trial court wholly fail to instruct the jury on the basic elements of the crime as was the case in *State v. Laine, supra.*[2]

In this case, defendant chose not to provide a transcript of the evidence, correctly believing that the record provided would be sufficient to establish the error claimed. The record provided includes all of the instructions given by the court, as well as a transcript of that portion of the proceedings below during which (1) defendant objected to the court's instructions and proffered an instruction on the elements of attempt, and (2) the judge stated his reasons for refusing the instruction. We have examined this record and find that an instruction on the elements of attempt, the crime of which defendant was convicted, was totally omitted. *State v. Laine, supra*, is controlling.

Reversed and remanded for a new trial.

---

**1.** *See State v. Stewart*, 35 Wash.App. 552, 667 P.2d 1139 (1983), where the court held that failure to instruct on the specific elements of attempt was error of constitutional magnitude.

**2.** *See State v. Jones*, Utah, 657 P.2d 1263, 1267 (1982), where we reiterated the rule in *State v.*

*Laine, supra*, that failure to instruct on the elements of the crime is reversible error.